### THE STATE OF MARYLAND *vs.* JOHN S. E. NUTWELL.
### *June* 1843.

Certainty to a reasonable extent, is an essential attribute of all pleadings, both civil and criminal, but is more especially so in the latter, where conviction is followed by penal consequences.

One of the objects of certainty in pleading is notice to the party of the nature of the charge against which he is to come prepared to defend himself; another to enable the court to pronounce the sentence of the law, and the party to defend himself against a second prosecution for the same crime, by pleading a prior acquittal or conviction.

An indictment under the act of 1817, ch. 227, section 1, should allege the names of the slave and his master if known; if unknown, the fact should be so averred; and also, that there was no license in existence authorizing the slave to remain in the retailer's store, &c., within the period prohibited by the said act. It is not a compliance with the act merely to allege the slave not having a written order or license from his master. The non-existence of a license is an essential ingredient in the offence.

WRIT OF ERROR to *Anne Arundel* County Court.

This was an *Indictment,* in the following words:

STATE OF MARYLAND, all that part of *Anne Arundel* county not included within the limits of *Howard District of Anne Arundel county*, to wit: The grand jurors of the *State of Maryland* for all that part of *Anne Arundel* county not included within the limits of *Howard District* of *Anne Arundel county*, upon their oath do present, that *John S. E. Nutwell*, late of all that part of *Anne Arundel* county not included within the limits of *Howard District* of said county, yeoman, on the 28th day of February, in the year one thousand eight hundred and forty-two, the said *John* being then and there a licensed retailer, did suffer a slave to be in his store-house, in which said house the said *John*, on the day and year aforesaid, at all that part of *Anne Arundel* county not included within the limits of *Howard District* of the county aforesaid, was accustomed to sell distilled liquor between sun-set in the evening of the same day and sun-rise of the succeeding morning, the said slave then and there not having a written order or license for that purpose from his master, against the Act of Assembly in such

case made and provided, and against the peace, government, and dignity of the state.

JAMES BOYLE, *Deputy Attorney General*
*Of the State of Maryland for said county.*

The traverser pleaded not guilty; but the verdict being against him he moved in arrest of judgment.

1. Because the indictment does not name the owner of the slave whom it is alleged was permitted by the traverser to be in his store-house.

2. Because the indictment is in other respects defective, informal and insufficient, so that no judgment can be rendered thereon.

The county court arrested the judgment, and the State sued out a writ of error from the Court of Chancery.

By the act of 1817, ch. 227, sec. 1, it is enacted, that it shall not be lawful for any licensed retailer or retailers, in *Calvert* county, &c., or for any person or persons residing in either of those counties, accustomed to make and sell distilled spirits or other liquors, to suffer any free negro or mulatto, or any negro or mulatto servant or slave to be in her or their store-house, or other house, wherein he, she or they may be accustomed to sell distilled spirits or other liquors between sun-set in the evening and sun-rise of the succeeding morning: *Provided always*, that nothing herein contained shall be construed to extend to the case of such aforesaid servant or slave, as shall have a written order or license for that purpose from his master, mistress, overseer or other person in whose employment he may actually be, with the consent of his owner or owners.

The 2nd section provides for recovery of penalty by indictment.

The cause was argued before BUCHANAN, C. J., STEPHEN, ARCHER, CHAMBERS and SPENCE, J.

By BOYLE, D. A. G., for the State, and
By ALEXANDER, for the defendant in error.

State *vs.* Nutwell.—1843.

STEPHEN, J. delivered the opinion of this court.

We think that the judgment of the court below in this case was correct, and ought to be affirmed. Certainty to a reasonable extent, is an essential attribute of all pleading, both civil and criminal, but is more especially necessary in the latter, where conviction is followed by penal consequences. One of its objects is notice to the party of the nature of the charge, against which he is to come prepared to defend himself; and it is also necessary, not only that the offence may be displayed upon the record, so as to enable the court to pronounce the sentence of the law, but to enable the party to defend himself against a second prosecution for the same crime, by pleading a prior acquittal or conviction. In the case now before this court, the indictment, we think, is defective, in omitting the name of the slave and that of the master, if known, if not known, the fact should have been so stated in the indictment. Such an averment in the indictment was requisite, not only to inform the accused of the charge alleged against him, so as to prepare for his defence, but to prevent a second punishment for the same offence, by pleading in bar a former acquittal or conviction. The omission to exclude a license by the necessary averment of a want of one, was also a fatal defect; the non-existence of a license being an essential ingredient in the constitution of the offence, according to the true and sound construction of the Act of Assembly, upon which the prosecution was founded. In other respects, the allegations as to time and place may be sufficient, being conformable to the language of the act, which is rather carelessly drawn; but in that respect, it would be advisable in all future cases, to make the necessary averments, with greater precision and certainty. The judgment of the court below is affirmed.

JUDGMENT AFFIRMED.