## BLODGET *v.* THE STATE.

An indictment for retailing spirituous liquor, charged that the liquor was sold to a person whose name was unknown to the grand jurors. One witness only was examined at the trial, and he testified to whom the liquor was sold, that he was a witness before the grand jury when the indictment was found, and that he then knew the name of the person to whom the liquor was sold, and would have disclosed the name to the grand jury if they had inquired what it was. *Held*, that as the grand jury, upon proper inquiry of the witness, could have ascertained the name, the indictment could not be sustained.

ERROR to the *Switzerland* Circuit Court.

BLACKFORD, J.—This was an indictment against *Blodget* for retailing spirituous liquor without license. The indictment charges the liquor to have been sold to a person whose name was unknown to the jurors. Plea, not guilty. Cause submitted to the Court, and judgment rendered for the state. Motion for a new trial overruled.

There was but one witness examined on the trial. He stated that the sale of the liquor was made to one *Eli Morrison;* that he knew said *Morrison* and his name; and that he would have informed the grand jury of *Morrison's* name if they had asked him what it was, but they did not make the inquiry.

*Chitty* says, that it is in general necessary to set forth the names of third persons with sufficient certainty; but

that there are some cases in which the name of third persons cannot be ascertained, in which it is sufficient to state " a certain person or persons to the jurors aforesaid unknown." Thus an indictment for harboring thieves unknown is sufficient, from the necessity of the case, and the fair presumption which exists that their names cannot be ascertained. So, upon the same ground, if the dead body of a person murdered be found, and it is impossible to discover who he was, an indictment for having killed some one unknown would be valid. 1 Chitty's Crim. Law, 211, 212. The same doctrine is laid down in *Hawkins.* 2 Hawk. Pleas of the Crown, p. 231.

We think it was the duty of the grand jury, in the case before us, to inquire of the witness before them for the name of the person to whom the liquor was sold. It appears that if they had made the inquiry, the name would have been given to them.

This indictment would not have been sustained, had the evidence on the trial shown that the name of the third party was known to the grand jury when the indictment was found. *Rex* v. *Walker*, 3 Campb. 264, and note. We are of opinion, also, that it ought not to be sustained in the present case where the name might have been ascertained by the grand jury if they had made the proper inquiry of the witness whom they were examining.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*J. Dumont*, for the plaintiff.

*D. Wallace*, for the state.