# CAPRITZ *against* THE STATE OF MARYLAND.

An indictment gounded on the act of 1847, ch. 193, against a regularly licensed ordinary keeper, for unlawfully exposing for sale and selling spirituous liquors, to wit: brandy, &c., on a Sunday, ought to name the person to whom the liquor was sold, or if his name be unknown to the jurors, then the indictment may describe him as a certain "person to the jurors aforesaid unknown."

THIS case is brought by writ of error from Allegany county court.

The plaintiff in error was indicted for selling beer, ale, brandy, &c., on the sabbath day. The indictment charged that on the 16th February 1851, at the county aforesaid, on the sabbath day, commonly called Sunday, he, the said Capritz, then and there being a regularly licensed ordinary

72      v. 1.

keeper, unlawfully exposed for sale, and then and there did sell spirituous and fermented liquors, to wit: brandy, whiskey, rum, wine, beer, ale, porter and cider, contrary to the form of the act of Assembly in such case made and provided, and against the peace, government and dignity of the State.

The plaintiff appeared, pleaded not guilty, and said he would put himself upon the judgment of the court, and being found guilty, he moved the court in arrest of judgment for the following reasons:

1st. Because the indictment in this case exhibited against the defendant, does not set forth, specify and name the person or persons, or individuals, to whom this defendant did sell and dispose of the said spirituous and fermented liquors, to wit: whiskey, brandy, beer, ale, porter and cider, in said indictment specified, to wit: on the sabbath day, commonly called Sunday.

2ndly. Because the said indictment is defective and insufficient in other respects.

The motion being over-ruled, and a fine imposed by the court, a writ of error was sued forth.

The case was argued before all the Judges.

By *Price* and *Roman* for the plaintiff in error, and *Robert J. Brent*, in behalf of the State.

For the plaintiff in error, it was argued by *Roman*, that the indictment is clearly defective, as it should have set forth the name of the person to whom he sold, &c., so as to render the charge certain, that the party might defend himself, in the event of a second prosecution for the same offence, by pleading a prior acquittal, or conviction. See the case of *State of Maryland vs. John E. S. Nutwell*, reported in 1 *Gill Rep.*, 54. 1 *Russ. on Crimes*, 5 *Am. Ed.*, from the 3*rd London Ed.*, *top-pag.* 766 & 777. Prosecutions under 1 *Vic.*, 87, prisoner indicted for demanding money from a person, by threats, &c.; the indictment must aver the name of the person, from whom it was demanded. 1 *Russell on Crimes*, same edition, 825, and also page 857.

These are cases of prosecutions under statutes, similar to the one under which the present indictment is drawn.

3 *Chitty Crim. Law, top-pag.*, 114. If the name of the persons to whom he sold the liquor was unknown, the indictment should have stated the fact, "that they were to the jurors unknown."

Time in an indictment is *immaterial,* that is to say, although a day certain must be laid, or stated in the indictment, *yet it was never* held necessary, that it should be laid in conformity with the truth. See *Archbold's Crim. Pleading, top-pag.*, 37, and *Starkie Criminal Pleading, page* 66.

Now if time be immaterial, how can the offence be identified, unless the indictment show or disclose the name of the person to whom he sold the liquor? how can the defence protect himself from a second prosecution, for the same offence, by pleading *autre fois acquit*?

Take, for illustration, the four cases against this defendant, —they are for offences, committed between the October court and the succeeding April court, and if time be immaterial, and the court below held it to be not material, may not this defendant have been convicted twice, for the same offence, for selling to the same person on the one sabbath day? because, if time be immaterial, it is unnecessary for the witness to prove, that the defendant sold liquor on the Sunday, laid in the indictment, but may prove that he sold it on any other Sunday, and it will sustain the indictment: as the books say, that the time laid in the indictment, need not be in conformity with the truth. See *Archbold Crim. Plead.*, 37.

Then how can the offence be identified, so as to enable the defendant to plead *autre fois convict,* to a subsequent prosecution for the same offence, unless the name of the person to whom he sold the liquor, be set forth in the indictment? unless it was set forth, how could such a plea exhibit, as it must do, the identity of the offence?

The case in 1 *Gill,* 54, above referred to, is a case similar to this, and in that case, it was held necessary to name the

slave, and the owner of him, if known, and if unknown, it should be so stated in the indictment.

*Brent,* in behalf of the State.

The words in the indictment, "did expose for sale," are clearly surplussage.

The indictment then contains a charge under the act of Assembly.

The principal, indeed only objection, taken by the counsel for the appellant, is that the indictment does not name the person who purchased the liquor, and the case of *State vs. Nutwell,* 1 *Gill,* 54, is said to be decisive of these cases; but that was a case under the act of 1817, ch. 227, sec. 1, which prohibited a negro from remaining on the premises of a licensed retailer, &c.

Hence, it was held material to name the negro in the indictment, that the party might have notice of the offence, which consisted in the presence of the particular negro. In fact, the presence of the negro, was the *corpus delicti* itself, and therefore, bound to be disclosed, for the reasons stated in *Nutwell's* case; but here the offence consists in selling spirituous liquors on Sunday, that is the *corpus delicti,* and it is wholly immaterial who the purchaser may be, as the offence is complete, without his name or identity being ascertained.

Suppose a demurrer to these indictments, would it not have confessed a sale on the sabbath, contrary to law, and therefore acknowledged a complete offence, even if the name of the purchaser was omitted?

*State vs. Price,* 12 *G. & J.,* 260, seems to be much more analagous, and it was there held, that the indictment was good, although it did not name the persons who played.

It also affirmed as good, the indictment, which concluded against the act of Assembly, instead of against the *form* of the act, &c.

*Commonwealth vs. Arnold,* 4 *Pickering,* 251, an indictment was held good, which averred, that the defendant permitted "*divers* persons to gamble," &c.

An indictment for lodging poor persons in an unhealthy place, need not state their names. *Cald.*, 432, quoted in foot note to 1 *Chit. C. L.*, 211. This very point has been decided with the State, in Virginia. *Commonwealth vs. Dove,* 2 *Va. Cases*—citing *Rex vs. Gibbs,* 1 *Stra.* 497. *Hawkins, book* 2, *chap.* 25, *sec.* 71. Sufficient to charge in words of the statute. *State vs. Dent,* 3 *H. & G.*—also, 12 *G. & J.* 260–'1.

If an attempt were made to indict a party a second time for same act, of selling on Sunday, it would be just as easy to establish the plea of *autre fois acquit, &c.*, as if the name were given, and a second indictment for selling a second time on same day, to same purchaser.—In either case, parol evidence must be used, to prove the plea.

*Price* for plaintiff in error.

The plaintiff in error moves that the judgment be arrested:

1st. Because the indictment describes the offence as committed by James Capritz, being a *licensed ordinary keeper.*

The act of Assembly of 1847, ch. 193, declares, that if any licensed *tavern keeper* or *licensed retailer.*

See *Adam Bode vs. State,* in manuscript, December 1848.

To give the act its proper meaning, it is necessary to interpolate between the words, any person or persons, *"being licensed tavern keepers* or *licensed retailer."*

The acts of Assembly make a difference between ordinary keepers and tavern keepers. See 1827, ch. 117, secs. 3 and 4.

2nd. Because the indictment does not name the persons to whom he sold. 1 *Gill,* 54, *State vs. Meltal.*

Act of 1817, ch. 112, sec. 1. It is made highly penal to sell any negro being entitled to freedom, after *any particular time.*

The opinion of the court was delivered by LE GRAND, C. J.

This case comes before us on a writ of error. The plaintiff in error was indicted in Allegany county court for a violation of the act of 1847, ch. 193.

Capritz *vs.* The State of Maryland.

The indictment does not mention the name of the person to whom the liquor was sold, but merely avers, that "he, the said James Capritz, then and there being a regular licensed ordinary keeper, unlawfully exposed for sale, and then and there did sell spirituous liquors, to wit: brandy," &c.

In such an indictment, *time* is immaterial, that is to say, the *particular Sunday* is immaterial. If the offence be laid on a Sunday previous to the finding of the indictment, it will be sufficient, and the State will not be called upon to prove the day, in exact conformity with the designation of the indictment. It is essential, however, that the name of the person to whom the liquor was sold should be mentioned. *State vs. Nutwell*, 1 *Gill*, 54. Unless this be furnished, the party has no means of preparing for his defence. Where the name of the purchaser is unknown to the jurors, he may be described as "a certain person to the jurors aforesaid unknown."

*Judgment reversed.*