JONATHAN SPIELMAN *vs.* THE STATE OF MARYLAND.

### *Demurrer—Indictment—License Law.*

A demurrer opens for review all the previous pleadings, and notwithstanding the defectiveness of the pleading demurred to, the Court in criminal as well as in civil proceedings, gives judgment against the party who in pleading committed the first error.

An indictment charging a sale of merchandise in violation of the license law, must set forth the name or names of the persons to whom the sale was made, or allege that they were unknown. And the omission to do so, is a fatal defect not cured by the Act of 1864, ch. 18.

All the Acts of Assembly relating to licenses, form one entire system, and must be construed together. By imposing penalties for the violation of the provisions of these laws, the legislature intended to protect the revenue of the State from fraud, but did not intend to impose penalties for violations of the law, when none were intended.

Where a trader's license is taken out by a partnership, and one of the partners assigns his interest to his associate, and retires from the firm, the business may be continued by the remaining partner, under the same license.

WRIT OF ERROR to the Circuit Court for Washington County.

The facts of the case are sufficiently stated in the opinion of the Court.

The cause was argued before BOWIE, C. J., BARTOL and CRAIN, J.

*Andrew K. Syester,* for the plaintiff in error.

The prosecution of this case professes to be based upon a non compliance with the terms of the Act of 1862, ch. 121. The plaintiff in error, together with one Bombarger, in May, 1864, obtained as partners, a trader's license, and prosecuted business thereunder until July, 1864, when the partnership was dissolved,—Bombarger selling out to his associate, and the latter continuing the business. In the license thus issued, the name of each partner was set

out in full. The plaintiff in error stands indicted for selling under this license, and was found guilty on the ground, that under the Act of 1862, ch. 121, he was required to take out a new license. The language of the Act is very plain. The circumstances that afford protection to a party doing business under such a license are three, one of which is, that he be *"named in the license."*

The questions arise on demurrer to the special plea, and all the pleadings are open for review. The fifth and sixth counts do not ascribe to the plaintiff in error, anything known to the Statute laws of this State, sufficient to expose him to the penalties of the 89th section of the 56th Art. of the Code of Public General Laws.

In neither of these counts is any offence, defined by Statute, set out.

The language of the indictment is, that he "exposed and offered to sell," whilst that in the Code, describing the offence, is, *"shall barter and sell."* "Offer or expose for sale," are not words *equivalent* to *selling* and *bartering*. The offence must be set out in the precise and technical language of the Statute defining the offence. *Foster*, 424; 1 *Hale*, 517, 526, 535; 1 *Arch. Cr. Prac. and Plead., Waterman's notes*, 86, *note* 2; *Wh. Am. Cr. Law*, 78.

Nor does the Act of 1864, ch. 18, help this defect, because that Act has reference only to the *measure* of *proof*, and does not pretend to describe an offence. Neither does it profess to stand as a modification of the 89th section of Article 56 of the Code of Public General Laws; no allusion, whatever, being made to that or any other section. It is nothing more than an additional section, if, indeed, any legal effect can be given to it, in the face of striking inconsistency between its title and body. These objections apply to all the counts except the third and fourth. All the counts in the indictment,

except the second, are defective, in not setting out the name of the person to whom the merchandise was sold, or in not alleging that the person or persons to whom the same was sold, were unknown. 1 *Leach*, 248 ; 2 *Leach*, 861 ; *Hawk.*, *B.*, 2, *ch.* 25, *S.* 71 *and* 72 ; *Bac. Abr.*, *Indictment, G.*, 2 ; 2 *East. Pl. Cr.*, 651, 781 ; *Rex vs. Smith*, 6 *Carr & Payne*, 151 ; 1 *Arch. Crim. Prac. Plead.*, 81, note 1 ; *State vs. Nutwell*, 1 *Gill*, 54 ; *Capritz vs. The State of Maryland*, 1 *Md. Rep.*, 569 ; 1 *Chitty Cr. Law*, 212 ; *Commonwealth vs. Maxwell*, 2 *Pickering*, 139.

It is therefore submitted, that the first, second and third counts, being covered by the special plea, and all the others obnoxious to the objections alleged under the second point, the judgment ought to be reversed.

*A. Randall, (Attorney General,)* for the State :

It is contended on the part of the State, that the plaintiff in error, as a defence to the various charges in the indictment, if sufficiently made, ought to have taken out two distinct licenses, *one* called *" a trader's license,"* which would be a defence against the charges in the first, second and third counts in the indictment ; *the other a " retailer's license,"* which would be a defence against the charges in the fourth, fifth and sixth counts of this indictment. But the only defence taken by the plaintiff in error was the plea alleging, that he had *" a trader's license,"* which was no sufficient defence against the fourth, fifth and sixth counts in the indictment, and thereupon the judgment of the Court on the demurrer to this plea was rightfully sustained by the Court. As to a trader's license, Code, Art. 56, secs. 41, 42, &c., to 57 inclusive. Licenses to sell spirituous liquors, &c., not less than a pint, section, 58 to 69, of Article 56 of Code of Pub. Genl. Laws ; 1 *Chitty's Crim. Law.*, 443, (442, top,) 472.

The defendant below was not authorized as an individ-

ual trader to use the license granted to the firm, of which he was a co-partner, after the dissolution of the partnership. *Code, Art.* 56, *secs.* 1, 2, 12, 14, 15, 16, 17, 21, 22; 1862, *chs.* 97, 121 and 144; 1865, *ch.* 76.

The offences are legally set forth in the counts of the indictment. *Code of Pub. Genl. Laws, Art.* 56, *sec.* 25; 1864, *ch.* 18; 1 *Bishop's Crim. Law, secs.* 76, 83, 126; *Burk vs. The State,* 2 *H. & J.,* 426; *The State of Maryland vs. Dent,* 3 *G. & J.,* 8. If not legally set forth therein, this judgment cannot now be revised or stayed, because of such defective counts, for if such counts were defective, they might have been the subject of a demurrer, or the defect was in the averment of matters unnecessary to be proved. *Code of Pub. Genl. Laws, Art.* 30, *sec.* 82; 1864, *ch.* 18.

CRAIN, J., delivered the opinion of this Court.

In this case the defendant below was indicted in the Circuit Court for Washington County, for violating, in November, 1864, the license laws of this State. The indictment contains six counts, five of which charge him with a violation of the license law generally, but the second count charges him with violating it, by selling general merchandise to William H. Beard. To this indictment a special plea was filed by the defendant below, setting forth that he, together with a certain Emanuel Bombarger, in May, 1864, obtained as partners a trader's license, in and on which the name of each of the partners was set out in full, and opened and prosecuted business thereunder, in Washington county, until July, 1864, when the partnership was dissolved, and he became the assignee of the partnership effects, by purchase from Bombarger, and continued the business, and that he had not in any other way or manner sold, disposed of, traded or bartered any goods, wares or merchandise. The State demurred to this plea, and judg-

ment was entered on the demurrer by the Court below against the defendant. It is to review this judgment, that this writ of error has been issued. By the demurrer all the pleadings are open for review, and it is an established principle in pleading, both civil and criminal, that on a demurrer the Court gives judgment against the party whose pleading was first defective, notwithstanding the defect of the pleading demurred to. It is insisted by the plaintiff in error, that the first error was committed by the State, because all the counts in the indictment, except the second, were defective, in not setting out the name of the person to whom the merchandise was sold, or in not alleging that the person or persons to whom sold were unknown. We are of opinion, that according to the law, as expounded by this Court in the case of the *State against Nutwell*, 1 *Gill*, 54, and *Capritz vs. The State*, 1 *Md. Rep.*, 569, the defect in the first, third, fourth, fifth and sixth counts of the indictment is fatal; nor do we think that the 18th chapter of the Act of 1864 can cure the defect, because that Act referred only to the measure of proof, and did not pretend to describe an offence. The reasons assigned by the learned Judge who delivered the opinion of the Court in the case of the *State against Nutwell*, for considering the indictment in that case defective, apply with equal force to all criminal prosecutions.

It is requisite, for the protection of the accused against a second prosecution, that the indictment should aver to whom the goods were sold. This certainly is a necessary attribute in criminal pleading, when conviction is followed by penal consequences. The omission of these averments in the five counts of this indictment must be held fatal.

We think the special plea of the defendant was a sufficient answer to the second count in the indictment, and as the demurrer admits the truth of the plea, judgment

should have been entered by the Court below for the defendant on the demurrer. All the Acts of Assembly relating to licenses form one entire system, and must be construed together. By imposing penalties for the violation of the provisions of these laws, the legislature intended to protect the revenue of the State from fraud, but did not intend to impose penalties for violations of the law when none were intended. The most recent Act, and the one on which this indictment is founded, is the Act of 1862, chapter 121. The language of the Act is very plain, in these words: "Any license may be obtained by partnerships or firms, as well as by individuals; but in all such cases, the names of all the partners of any firm shall be set forth in full in the license, and no license shall protect any person pretending to act under the same, unless he is named therein. In the exposition of Statutes, the intention is to be deduced from a view of the subject matter and the object contemplated by its enactment. This Act was designed to raise revenue, and was extended to partnerships as well as individuals for that purpose, and whilst the license, by the express terms of the Act, was to protect both partners, it surely cannot, by implication, be construed to deprive both of the protection of the license in the event of a dissolution and the continuance of the business by one.

In our opinion, the true interpretation of the law enabled the plaintiff in error to conduct the business and trade under the license granted to him and Bombarger, although Bombarger had retired from the firm. By this construction of the law the State is not deprived of her just revenue, and the defendant is exonerated from the penalty of an intentional violation of the law. We, therefore, reverse the judgment of the Circuit Court for Washington County.

*Judgment reversed.*

(Decided 19th July, 1867.)