(Decided 3rd June, 1875.)

SIMON CEARFOSS *vs.* THE STATE OF MARYLAND.

*Criminal Pleading: Indictment—Constitutionality of the Act of 1865, ch. 191—Interpretation of Statutes.*

The Act of 1865, ch. 191, entitled "An Act prohibiting the sale of spirituous or fermented liquors in the several counties of the State, on the day of elections," provides in its first section, that it shall not be lawful for any person, directly or indirectly, to *give* any spirituous or fermented liquors on the day of any election hereafter to be held in the several counties of the State; and by its second section prescribes the penalty for such offence. An indictment under this Act charged that the traverser did unlawfully and wilfully give away to a person named, a certain spirituous liquor, to wit, whiskey, on a day specified, being the day on which an election was held in Washington County. HELD:

1st. That the indictment having charged the offence in the language of the Act, was sufficient.

2nd. That the giving of spirituous liquor in one's own house on the day of election, to a friend in the course of hospitality, was a violation of the Act, and subjected the party offending, upon conviction, to the penalty prescribed.

3rd. That the fact that *giving* was made an offence in the body of the Act, whilst the *title* prohibited the *sale*, did not render the Act unconstitutional under section 29, of Article 3 of the Constitution, which provides that "every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title."

Cearfoss *vs.* The State.

It is only where the act charged in an indictment is not, in its self, unlawful, but becomes so by other facts connected with it, that the facts in which the illegality consists, must be set out.

Whilst a statute is not to be followed according to its literal terms, if it can be discovered that such was not the intention, yet the meaning must be ascertained by a reasonable construction to be given to the provisions of the Act, and not one founded on mere arbitrary conjecture.

No man incurs a penalty unless the act which subjects him to it, is clearly, both within the spirit and letter of the statute. Things which do not come within the words, are not to be brought within them by construction; the law does not allow of constructive offences or of arbitrary punishment.

Statutes should be interpreted according to the most natural and obvious intent of their language, without resorting to subtle or forced construction, for the purpose of either limiting or extending their operation.

It is only in case where the meaning of a statute is doubtful, that the Courts are authorized to indulge in conjecture as to the intention of the Legislature, or to look to consequences in the construction of the law. Where the meaning is plain, the Act must be carried into effect according to its language, or the Courts would be assuming legislative authority.

WRIT OF ERROR to the Circuit Court for Washington County.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., STEWART, BOWIE, GRASON, MILLER and ROBINSON, J.

*Edward Stake* and *Lewis C. Smith,* for the plaintiff in error.

*Attorney General Syester,* for the defendant in error.

STEWART, J., delivered the opinion of the Court.

The indictment charged the appellant with a violation of the Act of 1865, ch. 191, in giving to one Michael Burke, spirituous liquor, to wit: "whiskey," on the day of an election, in Washington County.

The traverser pleaded, that in his own house, he was visited by some friends, who, in the course of hospitality, partook of some whiskey which he had there for his own use.

The State demurred to this plea. The Court sustained the demurrer and imposed a fine on the appellant.

Under the writ of error this judgment has been brought up for our review.

In the case of *Spielman vs. State,* 27 *Md.,* 520, where the State demurred to the plea of the traverser, and judgment by the Circuit Court was rendered against him, upon writ of error to this Court it was decided, that he could avail himself of any defect in the indictment, notwithstanding the provision of the Code, Art. 30, sec. 82; that all all the pleadings, in criminal or in civil cases, were open to review, under demurrer; and judgment must be given against the party whose pleading was first defective.

In the absence of such demurrer he could have no such defence. *Cowman vs. The State,* 12 *Md.,* 250.

It was urged in the brief of the appellant's counsel, that the word "give," in the Act in question, must be construed to mean "sell," and the offence be so described. That otherwise the Act is not in accordance with the 29th sec. of Art. 3 of the Constitution, declaring "that every law shall embrace but one subject, and that shall be described in its title."

The title of the Act is "An Act prohibiting *the sale* of spirituous or fermented liquors, in the several counties of the State on the day of elections." That the Act, from its title, only prohibiting the "sale," is not unconstitutional, because by its first section it makes the "gift" as well as the "sale" of liquors, unlawful, has been settled by this Court, in the case of *Parkinson vs. State,* 14 *Md.,* 184. See also *Franklin vs. State,* 12 *Md.,* 236.

Further objection was made to the indictment because it charged the traverser with unlawfully giving "whiskey,"

without setting forth the facts which made the "giving" unlawful.

The indictment using the terms of the law was sufficient.

It is only where the act charged is not in itself, unlawful, but becomes so by other facts connected with it, that the facts in which the illegality consists must be set out. 1 *Chitty's Crim. Law*, 229.

It is not necessary to state matter of evidence unless it alter the offence. *Bishop on Crim. Proc.*, sec. 276. See also *Parkinson vs. The State*, 14 *Md.*, 184.

The "giving" of intoxicating liquor on the day of election is declared by the law to be an offence—that was charged in the words of the Act, describing also the party to whom it was given.

The indictment informed the appellant of the nature of the offence. He was enabled to make his defence, and to protect himself against the repetition of the charge in any other trial; the tribunal trying him could reach its conclusion thereon, and apply the proper punishment.

These are the purposes requiring certainty in criminal proceedings.

The Act provides "*That it shall not be lawful for the keeper of any hotel, tavern, store, drinking establishment, or any other place where liquors are sold, or for any person or persons, directly or indirectly, to sell, barter or give, or dispose of any spirituous or fermented liquors, ale or beer, or intoxicating drinks of any kind, on the day of any election hereafter to be held in the several counties of this State.*"

There is no question, as urged by the appellant's counsel, that in construing this statute the real intent of the Legislature must prevail over the literal sense, if there be any inconsistency; a thing within the letter of the statute is not within the statute, unless it be within the intention of the makers.

But where the words are plain, they are the best evidence of what was meant. Whilst the statute is not to be

followed in its literal terms, if it can be discovered that such was not the intention, yet the meaning must be ascertained by a reasonable construction to be given to the provisions of the Act, and not one founded on mere arbitrary conjecture.

Where clear words are used, to indicate the purpose, there is no necessity to resort to other aids. *Beale vs. Harwood*, 2 *H. & J.*, 167. No man incurs a penalty unless the act which subjects him to it, is clearly, both within the spirit and letter of the statute. Things which do not come within the words are not to be brought within them by construction. The law does not allow of constructive offences or of arbitrary punishment. *Dwarris on Stat.*, 247.

But where the acts are within the words of the law, there may be cases not within its spirit, or within the scope of the mischief, intended to be avoided.

Whether the administration of intoxicating liquor, in good faith, for medicinal or other necessary purposes, although within the letter, would be within the mischief, is a question not necessary to be decided in this case; but if it should ever arise, we should have no hesitation in saying that it would not be an offence within the spirit of the Act.

Statutes should be interpreted according to the most natural and obvious import of their language, without resorting to subtle or forced construction, for the purpose of either *limiting* or *extending* their operation. *Dwarris on Stat.*, 144.

It would be dangerous in the extreme to infer from extrinsic circumstances, that a case, for which the words expressly provide, shall be exempt from their operation. *Story's Conflict of Laws*, 10.

It is only in cases where the meaning of a statute is doubtful, that the Courts are authorized to indulge in conjecture, as to the intention of the Legislature, or to look to consequences in the construction of the law.

When the meaning is plain, the Act must be carried into effect according to its language, or the Courts would be assuming legislative authority. *Scott vs. Reed,* 10 *Peters,* 524.

The intention may be gathered from the occasion and necessity of the law. *State vs. Milburn,* 9 *Gill,* 105.

According to the express terms of this law, and the policy the Legislature seemed to have in view, there is no escape from the conclusion that this case is within the letter and mischief of the law, and which cannot be avoided by the Courts, without a refusal to enforce its provisions.

The words of the law, the occasion of its passage, the application to the day of election, the absolute prohibition to licensed dealers in liquors, the manifest effort to employ terms to prevent evasion, its prohibition to all persons without reservation, the extent of the penalty, its reference to any and all intoxicating drinks, without exception as to person or place—afford undoubted evidence of the design of the Legislature to discountenance their use in any of the modes specified, on election days.

During the collection of the people in unusual numbers, on such occasions, with their feelings warmly enlisted, and under circumstances calculated to arouse the most active efforts of persons and parties to promote success, causing in themselves much excitement; the Legislature, we take it, intended there should be no such additional element of disorder as intoxicating liquor.

All keepers of places where it was accustomed to be sold, with license otherwise to sell, are strictly and under heavy penalty, prohibited from disposing of them, in any way, on that day. They are not allowed, *directly* or *indirectly*, to sell, barter, give or dispose of such liquors.

This class of persons by special designation, although they have paid for the license to sell otherwise, are denied the right.

All other persons are prohibited from like use.

If the appellant be excepted; if he may, upon the plea of hospitality or social intercourse, invite his friends to his house, and there entertain them by the use of intoxicating drinks, with impunity—other persons, without home, cannot be denied the like privilege to indulge their friends by its use, in their rooms, at the hotel, or other place of festive resort.

Where is there to be any limit? Would not such a construction of the Act as tolerated such use of intoxicating drinks render the law in a great measure a nullity?

It is obvious the Legislature was apprehensive of the necessity of such a law; and that there would be insidious efforts to evade it, under one pretext or another; and therefore has provided, by apt terms, against the use of intoxicating drinks, in any of the modes described, by any and all persons, on the occasion provided for.

The demands of reasonable hospitality, or the civilities of social life, can be gratified on the day of election, at least, without violation of this law.

Its provisions interpose no obstruction whatever to the obligations of hospitality. At any rate, such indulgences must be subordinated to the higher demands of the law.

Whether the Legislature in the exercise of its police authority, for the accomplishment of the purposes contemplated, have acted with the soundest discretion or not, it was their prerogative to determine; they were the best judges as to that, and their determination is not subject to judicial review. This Court has no power to measure the extent of legislative discretion or authority, unless where constitutional limitation has prescribed bounds thereto.

There can be no question of the power of the Legislature to enact the law, and that this case comes clearly both within the letter and spirit of the Act.

*Judgment affirmed.*

(Decided 3rd June, 1875.)

GRASON and ROBINSON, J., dissented.