## STATE vs. ELIZA DOYLE.

An indictment or criminal complaint for the illegal sale of liquor must contain the name of the purchaser or state that the sale was to some person to the jurors or complainant unknown.

A defect in criminal procedure which is fatal on demurrer is ordinarily fatal on motion to arrest judgment.

EXCEPTIONS to the Court of Common Pleas. The facts are stated in the opinion of the court.

*Charles E. Gorman*, in support of the exceptions, cited : *Commonwealth* v. *Thurlow*, 24 Pick. 374 ; *Commonwealth* v. *Hendrie*, 2 Gray, 503 ; *Commonwealth* v. *Blood*, 4 Gray, 31 ; *Blodget* v. *The State*, 3 Ind. 403 ; *Capritz* v. *The State of Maryland*, 1 Md. 569 ; *State* v. *Nutwell*, 1 Gill, 54 ; *Dorman* v. *The State*, 34 Ala. 216 ; *Brown* v. *Mayor of Mobile*, 23 Ala. 722 ; *Starr* v. *State*, 25 Ala. 38 ; *Burch* v. *Republic*, 1 Texas, 608 ; *State* v. *Faucett*, 4 Dev. & B. 107 ; *State* v. *Cox*, 29 Mo.475 ; *Commonwealth* v. *Cook*, 13 B. Mon. 149.

*Edmund S. Hopkins*, Assistant Attorney General, *contra*.

I. A motion to quash comes too late when not made until the case has reached the appellate court, after a trial of the case on the merits in the court below. *State* v. *McCarty*, 4 R. I. 82 ; *Commonwealth* v. *Loghlin*, 15 Gray, 569 ; *Commonwealth* v. *Henry*, 7 Cush. 512 ; *Commonwealth* v. *Boon*, 2 Gray 74.

II. In charging an offence created by statute it is sufficient to describe it in the words of the statute. 1 Wharton Crim. Law, 364, and cases there cited.

III. The defendant is entitled to have the offence with which he is charged " fully and plainly, substantially and formally described to him." The insertion of the name of the person purchasing the liquor in the complaint is not *necessary*, in order to more fully apprise the defendant of the charge against him.

IV. The charge in this complaint is in *form* the same that has been used in similar cases in this state since liquor prosecutions were first instituted in this state.

July 14, 1877. DURFEE, C. J. This is a criminal complaint for selling liquor in violation of the statute. It was originally tried in the Justice Court of the City of Providence, the defendant having pleaded not guilty. She was found guilty and sentenced.

She appealed to the Court of Common Pleas. In the Court of Common Pleas she filed a motion to quash the complaint, on the ground that it did not charge any offence or crime with sufficient clearness and distinctness to notify her specifically for what she was to be tried. The motion was denied, and she excepted. She was then tried upon her plea of not guilty, and the jury returned a verdict of guilty. She thereupon moved in arrest of judgment upon the ground alleged in her motion to quash. This motion was also denied, and she excepted. The case comes before us upon her exceptions.

The complaint is in the usual form. It charges, with the usual negative averments, that on the 28th day of November, A. D. 1876, the defendant " did unlawfully sell and suffer to be sold, and not for the purpose of exportation, ale, wine, rum, and other strong and malt liquors and mixed liquors," &c. The only objection made to the complaint is that it does not state the name of the purchaser, nor state that the sale was to some person to the complainant unknown. The question then is whether such an averment is indispensable.

The cases cited for the defendant show that in several states where the question has arisen, it has been held that the certainty required in criminal pleading makes it necessary to name the purchaser, unless his name is unknown, in which case it is permissible to describe him as some person to the jurors or complainant unknown. *Commonwealth* v. *Thurlow*, 24 Pick. 374; *Blodget* v. *The State*, 3 Ind. 403; *Capritz* v. *The State of Maryland*, 1 Md. 569; *Dorman* v. *The State*, 34 Ala. 216; *State* v. *Faucett*, 4 Dev. & B. 107; *State* v. *Cox*, 29 Mo. 475. The only decision which we find to the contrary of this is *The People* v. *Adams*, 17 Wend. 475, decided in 1837.

The decisions rest on the indisputable right of the accused to be charged specifically, so that he may know beforehand what the particular offence is of which he is accused, and be able to prepare his defence; and so also that he may not be accused of one offence and be tried for another; and finally, so that the record of his acquittal or conviction may be a good bar in case he is again indicted or complained of for the same offence. It is evident that this right has not been duly respected in the complaint before us. The offence charged is not so identified as to

give the defendant certain information of what in particular she was accused, nor so but that she may have been tried for one offence when she was accused of another, totally distinct from it. Her right "to be informed of the nature and cause of the accusation" is a constitutional as well as a common law right, and ought to be carefully guarded and maintained. It is true that even naming the purchaser is not always a perfect mode of identification, but it is the approved mode, and it is perhaps as perfect as any that can be devised.

In this state the practice is to omit the name. This practice has prevailed for more than a generation. We do not know that it has ever been questioned. If it has, it has doubtless been sustained. We should be glad if we could sanction it for pending complaints, but we are declaring the law, not simply for pending complaints, but for them and all others after them, and we do not see how, upon either principle or precedent, the practice can be upheld.

It is suggested that the objection comes too late. We do not find it so. Ordinarily any defect which is fatal on demurrer is also fatal upon motion in arrest of judgment. 1 Bishop on Crim. Proced. § 1109. In *Capritz* v. *The State of Maryland*, 1 Md. 569, and in *The State* v. *Faucett*, 4 Dev. & B. 107, the objection was taken on motion in arrest of judgment.

The exceptions are therefore sustained and judgment arrested.