(Decided 16th December, 1886.)

JOHN F. MINCHER *vs.* STATE OF MARYLAND.

*Appeal as upon Writ of Error—Act of 1882, ch. 22, relating to Registration of Voters—Indictment of Officer of Registration—Publication of False list of Names stricken from Registry of Voters—Sufficiency of Indictment.*

In disposing of a case brought to the Appellate Court as upon writ of error, the Court, under Rule 1, respecting appeals, is confined to a determination of the points or questions of law, designated by the plaintiff in error in his petition for the writ, by the decision of which he feels aggrieved.

An officer of Registration of voters was indicted under the Act of 1882, ch. 22, for unlawfully making and publishing a list which purported to comprise the names of those persons whom he had stricken from the registry of voters, which said list unlawfully comprised, besides the names stricken from said registry, the names of divers duly registered and qualified voters not stricken from said registry, as said list falsely stated, and as he, the register, well knew. On an appeal as upon writ of error, brought to review the action of the Court below in overruling a demurrer to the indictment, it was HELD:

1st. That when, by the 21st section of the statute, the registration officers were required to make out and publish lists which should comprise the names of those they had stricken from the registry, the Legislature unquestionably meant that such lists should be true and accurate lists of the names thus stricken off, and not false and misleading lists, including not only the names stricken off, but the names of others who had not been thus stricken off, and who were duly registered and qualified voters.

Mincher *vs.* State.

2nd. That the knowingly making and publishing such a false and misleading list, as that charged in the indictment, was an offence under the law, and was the doing of an act forbidden by the statute to be done by an officer of registration, as well as the omission to do what this section of the Act required him to do.

3rd. That being an indictment for an offence created by statute, it was sufficient if it followed the language of the statute. It was not necessary to specify the names of the duly registered and qualified voters alleged to have been published in the list as stricken from the registry.

4th. That it was not necessary to aver in the indictment,· that the officer of registration acted either wilfully, fraudulently or corruptly in doing what was charged against him; it was only necessary to charge that the acts set out in it were unlawfully and knowingly done by the traverser.

APPEAL as upon Writ of Error, from the Criminal Court of Baltimore.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, IRVING, and BRYAN, J.

*James P. Gorter,* and *James A. L. McClure,* for the plaintiff in error.

Assuming that the offence, as charged, is a crime, then, we contend, the count is defective, because it does not set forth the *names* of those qualified voters, which were published as having been stricken from the registry, when in fact they were not thus stricken off.

How was it possible for the register to come into Court fully prepared to defend himself against a charge that he had published *names* as stricken from the registry, which were not stricken therefrom, unless he were told by the Court, *the* names alleged to have been thus published, but not stricken from the registry ?

The very *gist* of the offence is, that he published as stricken from the registry, *names* of qualified voters, when he had not thus stricken them therefrom.    What names?

The State must give them, if known, and if unknown, it must so allege.

It cannot say they were unknown to the Grand Jury, because that body either had, or could have had, before it, *both lists*, the registry list and the published list, and comparison would readily have shown those names which had been published as stricken from the registry, but which in-fact were not thus stricken off; for, be it remembered, both lists were, and were legally required to be, *public records.   State vs. Nutwell,* 1 *Gill,* 56 ; *Capritz vs. State,* 1 *Md.,* 574; *Spielman vs. State,* 27 *Md.,* 524; *Heard's Crim. Plead.,* 55, 93, 94 ; 1 *Starkie's Crim. Plead.,* 182, (*3rd Ed.,*) *or* 1 *Amer. Ed., p.* 202, *ch.* 10; 1 *Chitty's Crim. Law,* 213 ; *Bishop on Statutory Crimes,* (*2nd Ed.,*) *secs.* 1036, 1037 ; *Bac. Abr. Indictment, G.,* 69.

John Mincher was an officer of the law—a registration officer—a *quasi judicial* officer ; *State vs. Bixler,* 62 *Md.,* 357 ; and all his official acts were legally presumed to have been well done.

When he was charged, therefore, with a crime committed in his *quasi judicial* capacity, it was not enough to charge him with having done the act unlawfully ; it was *necessary* to charge that he had done it *wilfully, corruptly* or *fraudulently.*

The law knows nothing of *technical* guilt, when it proceeds against a *judicial* or *quasi judicial* officer.   It does not, and should not stop short of malice or corruption or fraud, when it calls him to account, civilly or criminally. *Bevard vs. Hoffman,* 18 *Md.,* 483, 484; *Anderson vs. Baker,* 23 *Md.,* 626; *Friend vs. Hamill,* 34 *Md.,* 357.

*Charles B. Roberts, Attorney-General,* for the defendant in error.

It is alleged by the plaintiff in error, that it was necessary to specify in the fifth count the *names* of the registered voters not stricken from the registry, but which were included in the published list of names by him stricken off. This count contains a clear, distinct and exact statement of the offence, fully informing the accused of the crime with which he is charged, and showing wherein his conduct has been supposed to be indictable. *State vs. Bixler*, 62 *Md.*, 359.

By referring to his published list and his registry of voters, and comparing them, the accused could readily discover the names of voters so advertised that were not stricken from the registry. It was a matter of evidence only, and not necessary to be set out in the indictment.

This is an indictment drawn under a statute, and hence the Court below followed the rules of criminal pleading applicable to indictments for statutory crimes. The allegation is made in the words of the statute, and is sufficient. *State vs. Bixler, supra.*

It is not necessary to charge that it was either wilfully or corruptly done, because neither of these words is contained in the statute. *Wharton Am. Cr. Law, sec.* 364; *State vs. Elborne*, 27 *Md.*, 488; *Cearfoss vs. The State*, 42 *Md.*, 406; *Parkinson vs. The State*, 14 *Md.*, 198.

The indictment, charges that "he well knew," and these words sufficiently import that the act was done or omitted to be done by the accused "*wilfully*" and "*corruptly.*" *State vs. Bixler, supra.*

MILLER, J., delivered the opinion of the Court.

This case is brought up as upon writ of error. The plaintiff in error having been appointed the officer of registration under the Act of 1882, ch. 22, for the twelfth ward of the City of Baltimore, was indicted for violating several provisions of that statute. The indictment contained seven counts, to each of which a general demurrer

was entered and overruled. At the trial he was found guilty of the charge contained in the fifth count, and acquitted of the charges contained in all the others. So that the single question before us is as to the legal sufficiency of this fifth count.

The penal clause of the Act involved is that part of the 34th section which makes it a misdemeanor punishable with fine or imprisonment or both, "if any officer of registration shall do any act which is by this Act *forbidden* to be by him done, or shall *omit* to do any act which is by this Act *required* to be by him done." The fifth count is founded upon that part of the 21st section which requires each officer of registration within three days after the expiration of his September sitting, and within the same time after his October sitting, to "make, complete and publish two alphabetical lists, one of which *shall comprise the names* of those persons whom" he has "stricken from" the registry of qualified voters, and the other "shall comprise the names and residences of the persons whom" he has "newly registered as qualified voters" at his preceding sitting, and also the names of those whom the Judges have ordered to be registered, and "shall cause said respective lists to be published by handbills posted in such public places as he may select in his election district or election precinct." The count charges in substance that "John F. Mincher being then and there the officer of registration for the twelfth ward of said city, duly appointed and qualified, *unlawfully* did make, complete and publish an alphabetical list within three days after the expiration of his September sitting" in the year 1885, "which said list *purported* to comprise the names of those persons whom he *had stricken* from the registry of voters of the first precinct of the said twelfth ward, and did cause the said list to be published by hand-bills posted in divers public places in said ward, which said list made, completed and published by him as aforesaid, *unlawfully* comprised, *besides*

the names stricken from said registry of voters by him as aforesaid, *the names of divers duly registered and qualified voters* of said precinct of said ward *not stricken* from said registry of voters, as said *list falsely stated* and as he the said John F. Mincher then and there *well knew*," with the usual conclusion. In disposing of the case this Court is confined to a determination of the points or questions of law, designated by the plaintiff in error in his petition for the writ, by the decision of which he feels aggrieved. *Rule* 1 *Respecting Appeals.* These are four in number, and we shall consider them in their order.

1st. The first is in substance that the alleged conduct of the officer of registration as set forth in this fifth count is not an offence under section 21 taken in connection with section 34, nor under any other section of the Registration Act of 1882. But we do not think this point is well taken. The Constitution (*Art.* 1, *sec.* 5,) required the General Assembly to provide by law for a uniform registration of the names of all the voters in the State, and made such registration conclusive evidence to the judges of election of the right of every person thus registered to vote, and declared that no person shall vote at any election unless his name appears in the list of registered voters. The law of 1882 is the last general Act passed in pursuance of this requirement, and it repeals all previous laws on the same subject inconsistent therewith. A statute of this character, dealing as it does with the right of suffrage, is of the utmost importance to all the citizens of the State. One of the great objects sought to be attained, as well by the framers of the Constitution, as by the Legislature, manifestly was the securing of *fair and honest elections* by means of a system of registration of voters. The statute then must be construed by the Courts in the light of this manifest legislative intention, and all its directions to, and requirements of, the officers who are to execute it, must be regarded as important, and as having this object in view.

When, therefore, the registration officers were required by this 21st section to make out and publish lists which shall comprise the names of those they had *stricken* from the registry at their previous sittings, the Legislature unquestionably meant that such lists should be *true* and *accurate* lists of the names thus *stricken off*, and not *false* and *misleading* lists including not only the names stricken off, but the names of others who had not been thus stricken off, and who were *duly registered and qualified voters*. But this latter is precisely such a list as this count charges that the plaintiff in error made out and published. The charge is (and the demurrer admits it to be true,) that in the discharge of his duties under this section, he made out and published a list which, while it *purported* to be a list of those stricken off, comprised also the names of divers duly registered and qualified voters who had not been stricken off as said list *falsely* stated. The charge moreover is that he did this *knowingly*, that is that he *well knew* that those whom he had thus publicly represented as having been stricken off, were still on the registry and were duly qualified voters, so that there could have been no mere clerical error or innocent mistake in making out the list. The inevitable conclusion, therefore, is that he thus acted from a bad motive, and in order to accomplish some sinister purpose; and it is easy to perceive how the publication of such a list throughout the ward, just prior to an election, may have operated to deter voters who may have seen their names among those thus stricken off from going to the polls, or at least have hindered them in the free exercise of their right of suffrage. We cannot doubt but that the knowingly making and publishing such a false and misleading list is an offence under this law, and have no hesitation in holding that it is the doing of an act forbidden by the statute to be done by an officer of registration, as well as the omission to do what this section of the Act required him to do.

2nd. The next suggestion of error is that it was necessary to specify in this count the *names* of the duly registered and qualified voters alleged to have been published in the list as stricken from the registry, and the failure to do so is fatal. It is said in support of this position that the State must give the names if known, and if unknown so allege, in order to comply with the general rule of criminal pleading that the statement of the offence must be clear, distinct, and exact, so that the accused may be fully informed of what he is charged with, and wherein his conduct has been supposed to be indictable, so that he may be able to refute it if he can. *State vs. Bixler*, 62 *Md.*, 359. But this is not an indictment for a common law offence, but for an offence created by statute, and in such cases the general rule is that the indictment is sufficient if it follows the language of the statute. *Cearfoss vs. The State*, 42 *Md.*, 403; *Parkinson vs. The State*, 14 *Md.*, 198; *State vs. Dent*, 10 *G. & J.*, 11. Setting out of names is no doubt essential in indictments under a certain class of statutes, such as those prohibiting the sale of liquor without license, or to minors, or on Sunday, or on election day, because in such cases each sale is a separate offence and the party may be indicted for each. In such cases the name of the party to whom the liquor was sold must be stated if known, and if unknown it must be so alleged. This class of cases is well illustrated by that of *State vs. Nutwell*, 1 *Gill*, 54, where the Court said, the setting out of the name of the slave and his master if known, or if not so to allege, was requisite not only to inform the accused of the charge alleged against him, so as to enable him to prepare for his defence, but to prevent a second punishment for the same offence, by pleading in bar a former acquittal or conviction. In other words, the indictment must be so framed as to enable the accused to defend himself against a second prosecution for the same crime. This case has been followed in all subsequent cases in this

Mincher *vs.* State.

State, under similar statutes. But in the case now under consideration, the naming of the parties improperly included in the lists, is, as it seems to us, not essential on either of the grounds stated in *Nutwell vs. The State.* The offence, as we have construed the statute, consists in making out and publishing a *false* list of the names of voters stricken from the registry, and such list becomes false by including therein the names, whether few or many, of voters who had not been stricken off. The offence is one and entire, and there cannot be separate indictments for each name thus wrongfully included. Conviction under this count is therefore a complete bar to any subsequent prosecution. Nor do we think that specifying the names of these parties would have afforded the accused any aid in preparing for his defence. A mere comparison of the list published with the list of registered voters, was all that was needed either for the State or the traverser. The list of registered voters had, as the count charges and as the law requires, been delivered to him by the clerk, and he had it before him when he struck the names therefrom, and when he prepared the list of those thus stricken off. The law moreover made it *his duty* to do the striking as well as to prepare the list, and if, as charged in the count, he well knew he had put into that list names of those whom he had not stricken off, we are unable to perceive how the setting out of the names of such persons would have enabled him to make a more effective preparation for his defence. We cannot therefore sustain this objection.

3rd. The third and fourth assignments are that the count is defective because it does not aver that the officer of registration acted either wilfully, fraudulently, or corruptly in doing what is charged against him. The argument in support of this objection is that officers of registration while acting in discharge of their duties as such, are, like judges of election, acting in a *quasi* judicial capacity, and are therefore not responsible either civilly or

criminally, except for acts done wilfully, fraudulently or corruptly. *Bevard vs. Hoffman,*18 *Md.,* 479 ; *Friend vs. Hamill,* 34 *Md.,* 298. This is no doubt true wherever the Registration Act devolves upon such officers the duty of exercising judgment in the discharge of their functions. *State vs. Bixler,* 62 *Md.,* 357. But the duties imposed upon such officers by the 21st section of the Act upon which this count of the indictment is founded, are purely and simply clerical and ministerial. The duty of making out, completing and publishing the two lists provided for in this section, does not involve the exercise of any judgment whatever, nor is it left to the discretion of such officers to make out and publish the lists, or not as they may choose, but the direction to do so is mandatory and imperative. Such being the nature and character of the acts required to be done, it was, in our opinion, only necessary for the count to charge as it does, that the acts set out in it were *unlawfully* and *knowingly* done by the traverser..

                                   *Judgment affirmed.*

(Decided 16th December, 1886.)