# DIZE *v.* STATE

[No. 62, October Term, 1956.]

2

*Decided January 11, 1957.*

The cause was argued before COLLINS, HENDERSON, HAM-MOND and PRESCOTT, JJ., and MACGILL, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*George T. Burroughs,* with whom were *Paul J. Bailey* and *Louis L. Goldstein* on the brief, for the appellant.

*Stedman Prescott, Jr., Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *David A. Harkness, State's Attorney for Calvert County,* on the brief, for the appellee.

MACGILL, J., by special assignment, delivered the opinion of the Court.

This is an appeal from a judgment upon a verdict of guilty of violation of the alcoholic beverage laws. The appellant was the holder of a Class A (Off Sale) beer, wine and liquor license for his premises in Calvert County, issued to him pursuant to the provisions of Section 18 (a) of Article 2B of the Annotated Code, 1951 Edition. On April 10th, 1956, on the oath and information of a Mr. Nadonley, an employee of a detective agency, which, in turn, had been employed by the Board of License Commissioners of the County to investigate possible violations of the alcoholic beverage laws by licensees, a warrant was issued for the arrest of the appellant, charging him as follows:

"* * * That the said Gorman Dize on said date as licensee of the premises known as Highway Tavern, licensed under a Class A—Beer, Wine and Liq-

uor License (Off Sale) from the Board of License Commissioners of Calvert County, permitting the sale only of alcoholic beverages and the delivery of same in a sealed package or container which package or container shall not be opened nor its contents consumed on the premises where sold, unlawfully permitted the opening of a bottle of liquor and the consumption of its contents or a portion thereof on the aforesaid premises, by the selling and dispensing of said liquor by the drink or drinks, contrary to the Act of Assembly in such case made and provided. * * *"

The appellant requested a jury trial. Immediately prior to his trial in the Circuit Court for Calvert County, he filed, through counsel, a motion to dismiss the warrant, on the grounds that it was bad in form and insufficient in substance and that the allegations set forth were "duplicitous". The trial court denied the motion, and, thereafter, denied a motion for a bill of particulars. The case proceeded to trial, and the jury returned a verdict of guilty. The question before this Court is the sufficiency of the warrant.

Section 18 (a) of Article 2B reads as follows:

"(Beer, Wine and Liquor License, Class A (Off Sale). (a) (General Provisions.) A Class A beer, wine and liquor license shall be issued by the Clerk of the Circuit Court of the county in which the place of business is located, or by the Clerk of the Court of Common Pleas of Baltimore City, if the place of business is located in said city, and shall authorize the holder thereof to keep for sale and to sell all alcoholic beverages at retail, in any quantity, at the place therein described, and to deliver the same in a sealed package or container which package or container shall not be opened nor its contents consumed on the premises where sold. The annual fee for such a license shall be Five Hundred Dollars ($500.00), except as otherwise provided in this section, and in all cases the fee shall be payable to said

Clerk before any such license is issued, for distribution as hereinafter provided."

It will be observed that the warrant, substituting the conjunctive "and" for the disjunctive "nor" in charging two related offenses, was drawn substantially in the language of the statute. "The rule is that where an indictment is laid in the words of the statute, it will ordinarily be sufficient. * * * The insertion of 'and' in place of 'or' is the proper method in a case where a number of different but allied things are forbidden by the statute." *Sturgill v. State,* 191 Md. 75, 78. It is true that the following words, not found in the statute, were added: "* * * by the selling and dispensing of said liquor by the drink or drinks, * * *." This addendum, however, may be regarded as surplusage, and in the nature of a particularization of the offenses charged. It in nowise impairs the validity of the warrant, and, if anything, helps the appellant by its specificness. *Simonson v. State,* 143 Md. 413.

The appellant's major contention, based on *Capritz v. State,* 1 Md. 569, is that the warrant was fatally defective because it failed to name the person who was permitted to open the bottle and consume the contents on the premises. In the *Capritz* case, the appellant had been indicted for unlawfully selling intoxicating liquors on Sunday, but the indictment had not named the person to whom the liquor was alleged to have been sold. The Court said, in reversing the judgment of the lower court: "It is essential, however, that the name of the person to whom the liquor was sold should be mentioned. *State v. Nutwell,* 1 Gill, 54. Unless this be furnished, the party has no means of preparing for his defence. Where the name of the purchaser is unknown to the jurors, he may be described as 'a certain person to the jurors aforesaid unknown.'" It is contended that if it be essential that the purchaser be named in an indictment for selling contrary to law, it should, by analogy, be essential to name in the warrant the person permitted to open a bottle and consume its contents in violation of the statute.

We think the contention has weight. While the rule laid

down in *State v. Nutwell* and *Capritz v. State, supra,* is not acknowledged in all jurisdictions, it still is the law of this State. "Setting out of names is no doubt essential in indictments under a certain class of statutes, such as those prohibiting the sale of liquor without license, or to minors, or on Sunday, or on election day, because in such cases each sale is a separate offence and the party may be indicted for each. In such cases the name of the party to whom the liquor was sold must be stated if known, and if unknown it must be so alleged." *Mincher v. State,* 66 Md. 227, 234. See also *Spielman v. State,* 27 Md. 520.

In the case of *State v. Lassotovitch,* 162 Md. 147, 156, where an indictment for a statutory offense of paying less than the prescribed wages was held bad for failing to state the names of the employees alleged to have been underpaid, this Court said that: "Every charge or accusation, whether at common law or under statute, must include at least two elements: First, the characterization of the crime; and, second, such description of the particular act alleged to have been committed by the accused as will enable him to properly defend against the accusation. In statutory crimes, where the statute includes the elements necessary to constitute a crime, the first of these requirements is gratified by characterizing the offense in the words of the statute; the second requires such definite and specific allegations as reasonably to put the accused on notice of the particular act charged, to enable him to prepare a defense and plead the judgment in any subsequent attempted prosecution. In the indictment before us the first of the above requirements is complied with by characterizing the offense in the words of the statute, but it is defective in failing to meet the second requirement."

The State has suggested that *Benesch v. State,* 129 Md. 505, overrules the earlier decisions of this Court. In that case the traversers were indicted for leasing, renting and hiring out a place for a picnic at which liquor was drunk or to be drunk. The gravamen of the offense was not the sale or furnishing of liquor to any particular person but the act of leasing, etc., a place at which liquor was drunk or to be drunk. Whether liquor was, in fact, drunk, was immaterial. On

those facts the Court in that case distinguished but did not overrule *State v. Nutwell, supra.*

We do not agree, as urged by the State, that the appellant would be protected, in the event of a subsequent prosecution for the same offense, by his right to produce the entire record to show his conviction when the warrant was insufficient. In such an event he would have to rely on the records of the court reporter which are liable, after a lapse of time, to become undecipherable, mislaid or lost. We think that he is entitled to rely on the sufficiency of the warrant. Since, in this case, we conclude that it was insufficient for its failure to specify the name of the person who was permitted to open the bottle and consume the contents on the licensed premises, the judgment must be reversed.

> *Judgment reversed and case remanded, costs to be paid by the County Commissioners of Calvert County.*