JOHN L. BROWNING, WILLIAM. BROWNING, THOMAS BROWNING, and EDMUND JAMISON *vs.* WILLIAM A. LORAW.

*Case removed from one County to another—Fieri facias—Motion to quash—Art. 64, secs. 115, 116 and 144, of the Revised Code—Acts of 1856, ch. 322, and 1878, ch. 475.*

Where a suit is instituted in one county, and on the application of the defendants is thence *removed* to another county, where the plaintiff recovers a judgment, he may have his writ of *fieri facias* thereon, directed to the sheriff of the county where the suit was originally instituted, although there has been no return of *nulla bona* in the county wherein the judgment was rendered, and neither the plaintiff nor his attorney of record, has made and filed with the clerk issuing the writ, an affidavit that he was unable to discover in the county where the judgment was rendered, property from which the same could be realized.

APPEAL from the Circuit Court for Garrett County.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., STONE, GRASON, MILLER, ALVEY, ROBINSON, IRVING and RITCHIE, J.

*Thomas J. Peddicord,* and *W. Wheeler Combs,* for the appellants.

*R. T. Semmes,* and *G. S. Hamil,* for the appellee.

RITCHIE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Garrett County, overruling a motion to quash a writ of *fieri facias* issued by the Circuit Court for Allegany

County, directed to the sheriff of Garrett County, on a judgment of the Circuit Court for Allegany County, in a suit between the appellee as plaintiff, and the appellants as defendants, which suit was removed from Garrett County to Allegany County, on application of the appellants.

The contention of the appellants is thus presented by them:

"We submit that the execution should have been quashed, because there had been no return of *nulla bona* to a writ issued upon said judgment in Allegany County, from whence said writ was issued, nor did the plaintiff or his attorneys make and file with the clerk issuing said writ, an affidavit that he or they were unable to discover in the county where the judgment was rendered, property from which the same could be realized, as required by sec. 144, of Art. 64, Revised Code of Maryland."

The appellee maintains that said section does not apply to causes removed from one county to another, and that he had the right to issue his execution directly to Garrett County, under sections 115, 116 of the same Article; and contends, moreover, that a motion to quash was not the proper mode to test the validity of the writ.

The sections relied on by the appellants are codified from the Act of 1878, ch. 475; those referred to by the appellee are from the Act of 1856, ch. 322.

The former Act does not in terms, nor does it, we think, in effect, repeal the Act of 1856.

In construing Acts of Assembly not necessarily incompatible, and where the legislative intention is not expressed to substitute one for the other, an apparent repugnancy between them may be often reconciled by considering the reasons of their enactment. The real intent of a statute, when ascertained, will always prevail over the literal sense of the terms. If the words do not exclude doubt, the intention is to be collected from the occasion and

necessity of the law. *State vs. Milburn, et al.,* 9 *Gill,*
118; *Frazier vs. Warfield,* 13 *Md.,* 279; *Cearfoss vs. The
State,* 42 *Md.,* 408.

Looking to the scope and purposes of the two Acts
under consideration, their manifest relations do not bring
them into conflict. Both were designed to expedite the
acquisition of the fruits of a judgment. The Act of 1878
applies generally to the subject of executions, is evidently
in contemplation of judgments as ordinarily obtained, and
relieves the judgment creditor of the useless and hazard-
ous delay incident to the issue of an execution, whose
return it can be seen in advance must be "*nulla bona,*"
before sending his writ to another county, where the
debtor is known to have property; the proviso simply re-
quiring an affidavit that no property can be found in the
county where the judgment or decree has been obtained.
This affidavit is required because the defendant is sued in
the county where he resides, and where the trial is com-
monly had; and the presumption being that his property
attends his residence, he should not be vexed with process
distant from his home when he has available assets at
hand. This statute was plainly intended to apply to and
facilitate executions incident to the usual and general
course of obtaining judgments, which is in the county
where the defendant resides. When, however, a case is
removed, it is an exceptional procedure, and it is for this
special contingency that provisions such as those contained
in sections 115, 116, became necessary and appropriate.

To compel a judgment creditor in such a case to first
issue an execution in the county to which the trial was
removed, or to make affidavit that no property of the
defendant can be there found, would be in the face of the
legal presumption, which makes such an affidavit proper
when the judgment is obtained in the debtor's own county;
would as a rule be an empty and idle proceeding, and fur-
nish, besides, the inducement of a greater delay in execu-

tion by removing the case than the party could enjoy at home. In providing that execution may be issued in a removed case at once to the county where it originated, the losing party is placed exactly on the same footing as if the trial had proceeded to judgment in his own county. He suffers no hardship in this, and equality and uniformity in the process of satisfaction is preserved. The purpose of the legislative mind in providing for the removal of cases, was only to secure fairness in their trial, and not to alter or impede the mere satisfying of the judgment. No discrimination was meant to be made in this respect in favor of transmitted cases, the mere fruits of the litigation not entering into the policy underlying a change of venue.

Concurring with the Circuit Court, its order must be affirmed.

> *Order affirmed, and*
> *cause remanded.*