# CRIMINAL COURT OF BALTI-MORE CITY.

Filed December 22, 1893.

STATE OF MARYLAND

VS.

HERMAN ISAACS AND JOSEPH G. CHESSLER.

*Hon. Isidor Rayner*, Deputy State's Attorney, *Wm. F. Campbell* and *Edwin J. Farber* for the State.

*Bernard Carter & Sons* and *D. Meredith Reese* for traversers.

404

HARLAN, J.—

In the case of the State of Maryland against Herman Isaacs and Joseph G. Chessler, which was tried before me some time ago, I present the conclusions to which I have arrived.

I am of opinion that the demurrer to the fifth count of the indictment in this case should be sustained. The 203rd Section of Article 27 of Code of Public General Laws, as enacted by the Act of 1892, Chapter 263, upon which the indictment is drawn, provides that:

"It shall be unlawful for any person * * * except with consent in writing of the owner * * * to fill with mineral water, beer, etc., any * * * bottles * * * mentioned in said Section 201, or to sell, dispose of, keep for sale or hire, or otherwise trade or traffic in any such * * * bottles mentioned in said Section 201, or otherwise use the said * * * bottles * * * except for the consumption of said mineral water, beer, &c., placed therein by the owner."

This count of the indictment charges that the traversers "had unlawfully in their possession and did *then and there*, without the consent of the said John Heinzerling, the said owner, *unlawfully otherwise use*, except for the consumption of mineral water, beer, porter or other beverages placed therein by said Heinzerling, the owner aforesaid, divers, to wit: three glass bottles of the kind above described, &c."

The general rule is undoubtedly that in charging a statutory offence, it is sufficient to follow the language of the statute by which the offence is created. This rule, however, is subject to same exceptions based upon the broader principle that certainty to a reasonable extent is an attribute of all pleading, more particularly of criminal pleading, in order that the party charged may not only be fully informed of what he is charged with and be able to refute it if he can, but that the offence may be displayed upon the record, so as to enable the party to defend himself against a second prosecution for the same crime by pleading a prior acquittal or conviction.

The cases of the State against Dent, 1 Gill 54; Capritz vs. State, 1 Md. 574; Spillman vs. The State, 27 Md. 524, are all illustrations of exceptions to the general rule.

The theory of the State as to the construction of the statute is, that what is prohibited by this clause is the use of the bottles for any other purpose except for the consumption of the mineral water placed in them by the owner. This is the exact meaning the statute would have if the word "otherwise" were omitted, and it read "or use the said bottles, except for the consumption of said mineral water, etc., placed therein by the owner."

It is a well-known canon of construction "that some effect must always be given to all the words in a statute creating an offence." (Monck vs. Hillin, 46 Law Journal, M. C. 16), and the word "otherwise," not only by the natural reading, but in order to have any effect at all, must be employed to prohibit, except for the consumption of the mineral waters, etc., placed therein by the owner, any us of the bottles *other than those previously enumerated*. If this is the true construction of the clause, as I believe, an indictment drawn on this clause must set forth the use complained of, in order that the traversers may know that they are not called on under it to meet one of the previously enumerated uses. Thus it has been held that if a statute makes punishable one who "shall keep a tipling house, or sell rum, brandy, whiskey, *or other spirituous liquors*," a simple allegation that the defendant sold "spirituous liquors," not describing them, will be inadequate. (State vs. Rainford, 7 Porter's Reports 101, and Rusk vs. The State, 18 Ala. Reports, 415.) Commenting on these cases, Mr. Bishop remarks: "This would result from the rule requiring the specific term to be used, but it comes equally from the fact that the mere general term does not give the defendant the identifying information by which in reason and by the rules of good pleading he is entitled. The indictment must acquaint the defen-

dant with the particular nature of the transaction." (I Bishop on Criminal Proceedings, 624.)

The demurrer, therefore, will be sustained.

I now come to the issues submitted to the Court upon the pleas of not guilty to each of the other four counts of the indictment. In the first place, it should be said that no question has been made as to the constitutionality of the statute.

The first count charges that the traversers "had in their possession and did unlawfully then and there fill with a certain mineral water, without the consent in writing of the said John Heinzerling, owner as aforesaid, one glass bottle of the kind as above described."

Now, the fact that one registered bottle was filled on the defendants' premises is abundantly established by the evidence, and indeed, it is not denied. It is also admitted by defendants' counsel that if defendants are responsible criminally for the act of the filler of this bottle, without their knowledge and against the general instructions which they had given to their employees not to fill any registered bottles which came into the establishment, but to bring the same into the office, and lay them aside, then the defendants are guilty under this count.

That question, it seems to me, is not an open one in this State, after the decision by the Court of Appeals in the case of Carroll vs. The State, 63 Md. 551. I have taken time to examine that case, and I am unable to distinguish it on principle from the case at bar. The verdict then on that count must be one of guilty.

There is not sufficient evidence to sustain a conviction as to the other counts in the indictment, and as to those the verdict will be not guilty.

Under the finding of the Court, unless some other proceedings are to be taken, the sentence of the Court will be to assess the fine of fifty cents as to each of the traversers under the finding of guilty on the first count in the indictment.