## LOEFFLER *v.* DISTRICT OF COLUMBIA.

CRIMINAL LAW; INTOXICATING LIQUORS; SALE TO MINOR; CRIMINAL INTENT; INFORMATION.

1. To constitute the offense of selling liquor to a minor under the provisions of the Act of Congress of March 3, 1893, the person charged must have had knowledge himself, or by his agent acting for him in selling to the minor, that the latter was at the time under twenty-one years of age.
2. Where an information in the Police Court in such a case fails to charge the defendant with knowingly selling liquor to a minor, the court should direct the jury to return a verdict for the defendant.

No. 922. Submitted October 4, 1899. Decided November 8, 1899.

IN ERROR to the Police Court of the District of Columbia. *Judgment reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Joseph Shillington* and *Mr. Edwin Forrest* for the plaintiff in error.

*Mr. A. B. Duvall,* Attorney for the District of Columbia, and *Mr. Clarence A. Brandenburg,* Assistant Attorney, for the defendant in error.

Mr. Chief Justice Alvey delivered the opinion of the Court:

This case comes into this court on writ of error to the Police Court of this District, for the review of a judgment of that court, convicting the plaintiff in error of being guilty of selling intoxicating liquor to a person alleged to be a minor under the age of twenty-one years, in violation of the provisions of the Act of Congress of March 3, 1893.

The proceeding in the Police Court was by information; and by the information it was alleged that the plaintiff in error was and is a keeper of a licensed barroom or place where intoxicating liquors are sold; and that, on the 24th day of June, 1898, he sold intoxicating liquors to one Alvoid Queen, the said Queen being then and there a minor; contrary to the Act of Congress.

Issue was joined, and the plaintiff in error was tried and convicted. A bill of exception was taken to the refusal of the court to instruct the jury that their verdict should be for the defendant; but, instead of the direction prayed, the court instructed the jury, that, upon finding certain facts, their verdict should be one of guilty against the defendant; and the verdict was found accordingly.

The information, as we have seen, fails to allege as an essential element of the offense, that the liquor was *knowingly sold to a minor* or person under the age of twenty-one years. By section 6 of the Act of Congress of March 3, 1893, it is provided, "that under the license issued in accordance with the act, no intoxicating liquors shall be sold, given, or in any way disposed of to any minor or intoxicated person," etc.; and by section 13 it is provided, " that any person having obtained a license under this act, who shall violate any of its provisions, shall, upon conviction of such violation, be fined not less than fifty dollars, nor more than two hundred dollars." And by the second proviso to section 19 of the act, it is provided, "that no licensee in any place

shall *knowingly sell* or *permit to be sold,* in his establishment, any intoxicating liquor of any kind to any person under the age of twenty-one years, under the penalty, upon due conviction thereof, of forfeiture of such license, and no person so forfeiting his license shall again be granted a license for the term of two years."

It is certainly true, as contended by the counsel for defendant in error, that, by a great preponderance of authority, legislation, to effectuate wholesome police regulation, may make acts criminal, irrespective of any intent to violate the statutory prohibition, the purpose being to require a degree of diligence for the protection of the public which shall render violation impossible without incurring the penalty for the act done.   The cases so holding are numerous, both English and American, many of which are referred to in the cases of *People* v. *Roby,* 52 Mich. 577, and *Carroll* v. *The State,* 63 Md. 551.   But all these cases rest upon the terms of the statutes under which they arose.   If the statute requires, as an essential element of the crime, that knowledge or intent shall exist, the crime does not exist, and is not sufficiently described in the indictment or information, without charging such knowledge or intent.   The instances given by Professor Greenleaf, in Vol. 3 of his work on Evidence, section 21, well and sufficiently illustrate this principle. He says: "Where a statute commands that an act be done or omitted, which, in the absence of such statute, might have been done or omitted without culpability, ignorance of the fact or state of things contemplated by the statute, it seems, will not excuse its violation.   Thus, for example, where the law enacts the forfeiture of a ship, having smuggled goods on board, and such goods are secreted on board by some of the crew, the owner and officers being alike innocently ignorant of the fact, yet the forfeiture is incurred, notwithstanding their ignorance.   Such is also the case in regard to many other fiscal, police, and other laws and regulations, for the mere violation of which,

irrespective of the motive or knowledge of the party, certain penalties are enacted; for the law, in these cases, seems to bind the party to know the facts and to obey the law at its peril."

The same principle is laid down and fully illustrated, especially with respect to the sale of liquor to minors, by Wharton in his work on Criminal Law, Secs. 83*a* and 2442 (7th Ed.).

But, in the present case, the statute, by express terms, makes the fact of knowledge by the defendant essential to constitute the offense of selling liquor to a minor. The party charged must have knowledge himself, or by his agent acting for him in selling to the minor, that the party to whom the liquor was sold was a minor under twenty-one years of age at the time; and without such knowledge the party accused can not be convicted. For, as we have seen, by the terms of the provision of the statute, contained in the proviso to section 19, it is expressly declared, "that no licensee in any place shall *knowingly sell* or *permit to be sold* in his establishment any intoxicating liquor of any kind to any person under the age of twenty-one years." The defendant in the court below prayed the court to instruct the jury to return their verdict of not guilty, as well on the ground that there was no criminal intent shown on the part of the defendant, in selling the liquor to the minor, as that there was a variance as to the time of the act charged, between the allegation and proof. But the court refused so to instruct the jury, and instead thereof, instructed that if the offense laid in the information was committed on any day of June, no matter what the day charged was, *the defendant was guilty*, as the date when the offense was committed was not an element in the offense, and any day in June would be before the filing of the information and within the Statute of Limitations. To which ruling of the judge the plaintiff in error excepted.

It is entirely unnecessary that we express any opinion

upon the question of variance, as presented by the prayer of the defendant and the instruction of the judge. But with respect to the matter of knowledge or intent with which the act of selling the liquor to the minor was committed, we think there was manifest error. The jury should have been instructed that the information set forth no such offense as would justify a verdict of guilty against the defendant. We must, therefore, reverse the judgment, and direct that the information be quashed. And it is so ordered.                        *Judgment reversed.*

A motion for a rehearing was overruled.