## MICHAEL J. FOX *vs.* THE STATE OF MARYLAND.

*Criminal Law—Indictment for Unlawful Sale of Oleomargarine.*

The Act of 1900, ch. 496, provides that whoever sells or offers for sale oleomargarine, with or without coloring matter, to a person who asks for butter, shall be guilty of a fraud and punished by a fine. *Held,* that a person who so sells oleomargarine, whether he knows or does not know that it is such, is liable, and consequently an indictment for violation of the statute need not allege that the sale was fraudulently made.

Appeal from the Criminal Court of Baltimore (DENNIS, J.) The indictment in this case was as follows:

"The jurors of the State of Maryland for the body of the city of Baltimore, do on their oath present that Michael J. Fox, late of said city, on the twenty-fourth day of September, in the year of our Lord, nineteen hundred, at the city, aforesaid, unlawfully did have in his possession with intent to sell within this State and unlawfully did offer and expose for sale and exchange, and unlawfully did sell and exchange to and with one Charles G. Warner, a certain quantity to wit: Six pounds

of a certain article, product and compound made partly out of certain fats, oils and oleaginous substances and compounds thereof not produced directly and wholly from unadulterated milk, or cream from the same which said article, product and compound was then and there in imitation and semblance of yellow butter produced from pure unadulterated milk and cream from the same contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State.

" *Second Count.* And the jurors, aforesaid, on their oath, aforesaid, do further present that the said Charles G. Warner, on the said day, in the said year, at the city aforesaid, did ask, send and inquire of the said Michael J. Fox and of the servants and agents of the said Michael J. Fox for butter, whereupon the said Michael J. Fox unlawfully did then and there offer for sale and sell to him, the said Charles G. Warner, six pounds of a certain substance, known as oleomargarine, to wit, a certain substance made in imitation and semblance of butter, the said substance not being then and there made entirely out of milk or cream from the milk of cows, contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State.　Robert M. McLane, The State's Attorney for the City of Baltimore.

The above indictment duly endorsed " True Bill.　Felix Agnus, Foreman."

The case was submitted to the Court on briefs by:

*T. C. Ruddell* and *W. C. Smith,* for the appellant.

*Isidor Rayner, Attorney-General,* and *Robert M. McLane, State's Attorney for Baltimore City,* for the appellee.

FOWLER, J., delivered the opinion of the Court.

The traverser was indicted under the Act of 1900, ch. 496, codified as secs. 88 and 90 of Art. 27 of the Code (Supplement 1890–1900, pp. 33 and 34.)

The indictment contains two counts, and although the de-

murrer goes to the whole of it and to each count thereof, yet no question is seriously made to the first count. It is conceded by the appellant that the first count " is perhaps properly framed." We see no objection to it, and none having been pointed out, we conclude that inasmuch as it follows the language of the statute creating the offense, it is free from objection. 1 *Bishop Cr. Proc.*, 4 ed., sec. 612, etc.; *Dickhaut v. State*, 85 Md. 464.

But it is insisted that the second count is fatally defective. Section 90, Art. 27 of the Code on which this count is framed, provides that any person who by himself or his agents or as the agent of any other person sells or offers to any person who asks for butter, any oleomargarine, with or without coloring matter shall be guilty of a fraud. The contention is that the indictment should have alleged, but did not so allege, that oleomargarine was " unlawfully and *fraudulently* " sold. The indictment alleges that the traverser did *unlawfully* sell, &c., but there is no allegation that the sale was fraudulent as well as unlawful. Without the allegation of fraud there can, the traverser contends, be no conviction and that the indictment is fatally defective. This view is based upon the proposition that the statute prohibits only a fraudulent sale, but in our view it bears no such construction. The plain language is that whoever sells contrary to the prohibition of the statute, shall be guilty of a fraud and shall be fined $100 for the first offense and imprisoned three months for each subsequent offense. Hence, whether the dealer knowingly, wilfully and fraudulently sells oleomargarine to one who asks for butter, or makes such sale in ignorance of the fact whether the substance he sells is oleomargarine, butterine or pure butter is altogether immaterial. Such a sale the statute pronounces a misdemeanor. In a word the statute does not provide that whoever *fraudulently* sells, &c., shall be punished ; but whoever sells (without the use of any qualifying adjective whatever) shall be guilty of a fraud. We do not understand, therefore, why we should interpolate the word " fraudulently" into the statute when the Legislature has omitted it.

But it is insisted that by the settled rules of pleading the indictment must allege that the sale was fraudulent or made with intent to defraud, etc.  The rule, however, in regard to statutory crimes like the one we are dealing with here is that only where the technical words such as *fraudulently*, *wilfully*, *knowingly*, &c., are used as a part of the description of the offense or as a descriptive element of the offense, are they necessary terms in the indictment.  *Wharton Cr. Pl. & Pr.* sec. 269, 255; *Kearney* v. *State*, 48 Md. 23; *Davis* v. *State*, 39 Md. 355; *State* v. *Elborn*, 27 Md. 483; *Cearfoss* v. *State*, 42 Md. 403; *Mincher* v. *State*, 66 Md. 227; *Parkinson* v. *State*, 14 Md. 184; *Carroll* v. *State*, 63 Md. 551.  In the case last cited it was held that when a licensed dealer in spirituous liquors was indicted for unlawfully selling liquor to a minor he cannot escape the penalty of the offense by proving that the sale was made by his agent during his absence, without his knowledge and contrary to his instructions given in good faith.  The provisions of the Code we are now considering are, as was the law construed in *Carroll* v. *State, supra*, police regulations.  " For the violation of a statute of this nature " we said in that case " it is not necessary to allege the *scienter* in the indictment, because it is not made an ingredient, by the statute, that the thing shall be *knowingly* and *wilfully* done, to make the violation of the statute an offense.  As ignorance of the existence of such a law will not excuse, so also ignorance of a fact necessary to be known to avoid a violation of the law will not excuse. "  See also 3 *Greenleaf on Evidence*, sec 21, note *a*.

We think the question is too clear for futher discussion. The judgment appealed from must be affirmed.

*Judgment affirmed with costs.*

(Decided December 5th, 1901.)