HASKIN *v.* STATE

(Two Appeals in One Record)

[No. 162, October Term, 1956.]

128

*Decided April 15, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*R. Lewis Bainder* for the appellant.

*Joseph S. Kaufman, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, J. Harold Grady, State's Attorney for Baltimore City,* and *James F. Price* and *Norman Polski, Assistant State's Attorneys,* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

The appellant, Haskin, charged in two indictments with selling and furnishing alcoholic beverages to minors contrary to the provisions of Code, 1951, Art. 2B, Sec. 114 (a), was found guilty on both by the court sitting without a jury. The selling and furnishing was by employees of Haskin's lunchroom at times when he was not on the premises. The lunchroom sold beer under a liquor license issued to Haskin. The employees involved pleaded guilty to the charges against them.

On May 21, 1956, over a period of several hours, Dewey

Lilly, fifteen, was supplied with twelve beers and his companion, Arthur Knott, seventeen, with four to six beers, Knott being the purchaser. At no time was either asked who he was or how old he was. On at least three previous occasions when Lilly had visited the lunchroom, he had never been asked to identify himself or for his age. On only one of Knott's ten or twelve previous visits had he been asked his age, and he had then produced his father's voter's card. On May 26, Dennis Lillis, eighteen years old, purchased twelve bottles of beer at the lunchroom. Lillis showed the employee who waited on him a card issued by the Department of Recreation to one John Vulgaris, indicating that the issuee played amateur baseball under the sponsorship of the Department. It bore the date of March 27, 1935, but nothing to show that this was a date of birth. It was signed by Vulgaris.

The statute under which Haskin was convicted provides that an accused shall not be found guilty under it if he establishes "to the satisfaction of the jury or the court sitting as a jury, that he used due caution to establish that such minor under twenty-one years of age was not, in fact, a minor * * *." Haskin argues that the inspection of the voter's card offered by Knott and the ball player's certificate produced by Lillis, shows that he used due caution, and even if the contrary be assumed, he cannot be charged with violations of the law committed in his absence, and without his knowledge. He argues that "It is unreasonable, the appellant feels, to make one liable for a crime when he did not even have knowledge of its commission. Such a liability is unrealistic." To the State's counter that *Carroll v. State*, 63 Md. 551, firmly established that the licensee may be held criminally liable for unlawful sales made by his employee, Haskin replies that the *Carroll* case "was a misinterpretation of the statute and the law, and that, even if it were not, the principle of law involved is in need of revision because the old one is both out-dated and a deprivation of constitutional rights."

We turn first to appellant's last contention. In the *Carroll* case, the law provided that "any person" who sold liquors to a minor should be fined or imprisoned and his license sup-

pressed. The Court held that intent was not an essential ingredient of the offense and said of the licensee: "Being engaged in business where it is lawful to sell to all persons except such as are by law excepted, it is his duty to know when a sale is made that it is to a properly situated person. Therefore it is his duty to trust nobody to do his work but some one whom he can safely trust to discharge his whole duty, and if he does not do so, the law holds him answerable." The licensee in the *Carroll* case was not present when the sale was made and had no knowledge of it, and the court refused to permit him to prove, by testimony of the bartender, that he had given instructions against sales to minors, and rejected his proffer of his own testimony that the instructions were in good faith and intended to be obeyed. The principle of the *Carroll* case was followed in upholding conviction of the general manager of a hotel for illegal sales by a bartender in *Jessup v. State,* 117 Md. 119.

*Cicero v. State,* 200 Md. 614, involving a prosecution for violation of the statute now before us, was decided on the question of due caution. The conviction of the licensee, who was not present at the time of sale, was upheld. The opinion in *Maryland Racing Comm. v. McGee,* 212 Md. 69, 76, cited *Carroll* in support of the proposition that a state, in the exercise of the police power, may prohibit certain acts and provide that one who does, or permits, them does so at his peril and will not be heard to plead in defense good faith or ignorance, so that responsibility or liability without fault in those situations has been held not to infringe constitutional rights. A number of states have taken the same view of the criminal liability of liquor licensees for acts of their agents, committed in their absence, as this Court did in the *Carroll* case. Cases are collected in an annotation in 139 A. L. R. 306. The Court in *Cicero* construed the statute now before us as making the absent licensee criminally liable for the acts of his agent, testing liability by the caution of the agent, that is, the caution or lack of caution used by the agent was held to be the caution or lack of caution of the licensee. We think this was an accurate reading of the statute, and see no reason to depart now from the basic rule of the *Carroll* case.

Haskin did not satisfy the trial court that he, or his agents, used due caution, as he must have done under the statute if he was to escape liability. Unless the conclusion reached by the court from the evidence was clearly erroneous, we have no function, under the rules, but to affirm. The record shows the following significant points. One of the boys was only fifteen, another only seventeen, and the last but eighteen. The trial court noted that "No one could ever see any one of these three and believe they were twenty-one years of age or anywhere near twenty-one years of age." There was no exercise of caution whatever as to Lilly, the youngest boy, for he was never at any time asked his age or required to supply proof of any kind that he was twenty-one. Nor, on the night of the first offense, was Knott. It could have reasonably been found that neither the voter's card shown by Knott on one of some twelve occasions nor the baseball card shown by Lillis, met the requirements of "due caution". Voter's cards bear a date of issuance and there is nothing to show that any effort was made by Haskin to check the date of issuance of the card shown him with the apparent age of Knott, who presented it. The baseball player's card bore the signature of the rightful owner but, again, Lillis was not asked to sign his name for comparison with the signature on the card.

Haskin did not take the stand or offer any evidence, but his argument on this phase of the case, although in terms not so stated, amounts to the claim that if any caution was used, he has escaped responsibility under the statute. We think the words of Judge Collins for the Court in *Cicero v. State* at page 620 of 200 Md. are entirely applicable to that argument on the facts before us: "The appellant contends that under the statute, if any caution was used no offense was committed. This overlooks the requirement that 'due caution' must be established to the satisfaction of the trier of the facts. From the evidence in this record we cannot say that the trial judge was clearly wrong in finding that the appellants sold this beer to this minor without using 'due caution' to establish that such minor was twenty-one years of age. He had the witnesses before him to judge of their

132

credibility, and what is of particular importance in this case is the fact that he had a minor before him as did the appellants."

*Judgments affirmed, with costs.*