MOLINARI ET AL. *v.* STATE

[No. 228, September Term, 1957.]

*Decided June 16, 1958.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*William A. Gunter* and *Hugh A. McMullen,* for appellants.

*James H. Norris, Jr., Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Stedman Prescott, Jr., Deputy Attorney General,* and *Paul M. Fletcher, State's Attorney for Allegany County,* on the brief, for appellee.

BRUNE, C. J., delivered the opinion of the Court.

The appellants, Jane R. Molinari,. John L. Farrin and William D. Trozzo, are officers of a corporation which operates a cocktail lounge, known as the Cadillac Cocktail Lounge, in the City of Cumberland, in Allegany County. A Class D beer, wine and liquor license was issued to them as individuals for the sale on behalf of the corporation of alcoholic beverages at the premises just referred to. The indictment against them was in two counts. The first charged that

the appellants (sometimes referred to below as the "licensees") employed a minor under the age of twenty-one years, one Harry W. Little, to do work about their place of business; the second charged that they "permitted" this minor "to loaf and loiter" about their place of business. The licensees apparently demanded a bill of particulars, which was furnished by the State. The licensees then filed a motion to dismiss the first count on the ground that it failed to state an offense. This motion was overruled and the licensees went to trial before Judge Harris, without a jury, were found guilty on both counts and were fined $500. They appeal.

The appeal raises these questions: first, whether or not the first count stated an offense; second, whether or not the evidence was legally sufficient to sustain the conviction on either count; and third, whether or not there was a fatal inconsistency between the verdicts of guilty on the two counts.

The indictment does not specify the statute upon which it is founded, but it is evident that it is based upon Section 120, subsections (a) and (b), of Article 2B of the 1957 Code.[1] This Section is concerned with Allegany County; and under Section 204, Section 120, rather than the general Section (Section 117) dealing with the employment of minors in licensed establishments, is controlling. Section 11 of Article 100 is not relevant.

Section 120 is headed "Allegany County". Subsections (a) and (b) read as follows:

> "(a) *Employment of minor.*—In Allegany County it shall be unlawful for any licensee under this article to employ any person under the age of twenty-one years in the sale of alcoholic beverages or in connection with the business thereof.
>
> "(b) *Allowing minors to loiter.*—It shall be unlaw-

---

1. There are differences in the numbering of Sections and in the form of captions between the 1951 and 1957 Editions of the Annotated Code. References in this opinion merely to Section numbers, unless otherwise indicated, will be to Article 2B of 1957 Code. The numbers of Sections in the 1951 Code, Article 2B, corresponding to Sections 117, 120 and 204 of the 1957 Edition are, respectively, 113, 116 and 191.

ful for any licensee under this article to allow any minor or minors under the age of twenty-one years to loaf or loiter about the place of business for which such license is issued."

The bill of particulars showed that Little, a minor, aged nineteen years, was employed on June 11, 1957, as the piano player in a trio to furnish music at the Cadillac Cocktail Lounge and that the usual working hours of this trio were between 7:30 P. M. and midnight, that this trio had been so employed for a period of several weeks, that it alternated with another group every half hour, that its members were paid for their services and that this trio was "used as a fill in entertainment during the time that other professional performers were having a rest period." Reading the bill of particulars as a limitation upon the first count, we entertain no doubt that although Little was not directly engaged in the sale of alcoholic beverages (as a bartender or a waiter would be), his stated activity brought him within both the purpose and letter of that portion of Section 120 (a) which prohibits not merely the employment by a licensee of a minor in the sale of alcoholic beverages, but such employment of a minor "in connection with the business thereof." We assume that the antecedent to which "thereof" refers is "the sale of alcoholic beverages". It is evident, we think, that it is the purpose of the operators of a cocktail lounge holding a license to sell alcoholic beverages to sell such beverages and that at least their principal object in furnishing musical entertainment is to attract and to hold customers with the hope and expectation of selling them alcoholic beverages during their visits to the cocktail lounge. The employment of this minor was thus clearly in connection with the licensees' business of selling alcoholic beverages. *Cf. State v. Genova,* 141 *Conn.* 565, 107 A. 2d 837, as to the significance of such a term as "connection with".

The purpose of the General Assembly to protect minors by the provisions of Section 120, subsections (a) and (b), seems to us quite clear. We think that the language used by Judge Robinson in stating the opinion of this Court in *State v. Archer,* 73 Md. 44, at 57, 20 A. 172, is very much in point:

"The law * * * in its tenderness for life and liberty, requires that penal statutes shall be strictly construed; by which is meant that Courts will not extend the punishment to cases not plainly within the language used. At the same time, such statutes are to be fairly and reasonably construed, and Courts will not, by a narrow and strained construction, exclude from their operation cases plainly within their scope and meaning." This language was repeated and applied in upholding a conviction in *Healy v. State,* 115 Md. 377 (at 379), 80 A. 1074 (at 1075). It was more recently quoted with approval in *State v. Fleming,* 173 Md. 192 (at 196), 195 A. 392, though in the latter case the first branch of the rule, that of strict construction, was found applicable, where a bond originally sufficient had become insufficient because of financial reverses of the sureties.

We think that the activities of the minor, Little, alleged in the indictment and bill of particulars fall within the ordinary and natural meaning of the words of the statute "in connection with the business thereof"—*i.e.,* the sale of alcoholic beverages—and hence that the motion to dismiss the first count was properly overruled. *Maguire v. State,* 192 Md. 615, 65 A. 2d 299.

The evidence fully supported what was alleged in the indictment and in the bill of particulars. Consequently, what we have just said with regard to the motion to dismiss the first count applies to and upholds the sufficiency of the evidence to sustain the conviction under that count.

The sufficiency of the evidence to sustain the charge under Section 120 (b) that the licensees allowed the minor, Little, to loaf or loiter about their place of business presents a different question, or perhaps questions. The evidence that Little loafed or loitered about the cocktail lounge between sessions when his musical group was playing is rather scanty. He testified that he sat down for five or ten minutes during one such intermission on the evening of June 11, 1957, at a table in the lounge with three girls whom he knew previously and two men to whom he was introduced, and that he had a drink of orange juice. There was some question as to whether he brought the drink with him or one of the men at the table

bought it for him. He also testified that on other occasions customers had bought drinks for him, but he denied that he ever drank alcoholic drinks. Little also testified that usually the members of his trio went outside for a walk during the intermissions, when they were not playing. Another member of the trio testified that they were not allowed to sit at a table with customers, that the manager would not permit it, but that the manager was not present on the evening of June 11th. This witness also testified that Little stopped only momentarily at the table.

We think that this evidence was not sufficient to support a conviction for violation of Section 120 (b). "Loafing" and "loitering", as used in that subsection, carry the idea or connotation of merely idling and of doing so for some time, rather than of making such a brief stop as that which Little made at the customers' table, immediately after one of his working periods, to greet friends and consume a cooling soft drink on a summer's evening. Time and purpose are both factors to be considered in deciding whether a person's conduct constitutes loafing or loitering. Perhaps the most satisfactory equivalent of these terms, as used in this statute, is the colloquial expression "hanging around." No definition based upon any particular length of time would be satisfactory in all circumstances. The word "loiter", which seems almost synonymous with "loaf" as used in Section 120 (b) is defined in a number of cases collected in 25 *Words and Phrases,* Perm. Ed., pp. 589-590. Among them are *State v. Badda* (W. Va.), 125 S. E. 159, which, at p. 160, says this: "to be dilatory, to stand idly around, to spend time idly." This definition was quoted with approval in *City of Columbus v. Aldrich* (Ohio App.), 42 N. E. 2d 915; and substantially the same definition is given in *State v. Tobin* (Conn.), 96 A. 312; *Wright v. Munro* (Cal. App.), 301 P. 2d 997, 999; and *Commonwealth v. De Wan* (Pa. Super.), 124 A. 2d 139, 140. See also *Malhoit v. Burns,* 235 Mass. 559, 127 N. E. 333, and *Tinkle v. Sweeney,* 97 Tex. 190, 77 S. W. 609. In the latter case, the fact that a minor stayed in a place where alcoholic liquor was sold only long enough to consume a drink which he had purchased, was held not to constitute loitering.

Adopting, as we do, the view that Little's stay at the table did not constitute loafing or loitering, we do not reach questions (which were not raised in argument) of whether or not the licensees *allowed* Little to loaf or loiter about their place of business or of whether or not the same strict rules of responsibility of licensees are applicable under Section 120 (b) as under Section 118, which prohibits sales of alcoholic beverages to minors. See *Haskin v. State,* 213 Md. 127, 131 A. 2d 282, in which a licensee was held responsible in a criminal case for sales to minors made by employees without the personal knowledge of the licensee, but also without the employees exercising due caution to avoid making sales to minors. Compare *Fowel v. State,* 206 Md. 101, 110 A. 2d 524, where a penalty imposed by statute upon a licensee was held not to be imposed upon an employee of the licensee.

We find no irreconcilable conflict between the charges made in the first and second counts. It would be perfectly possible for a licensee to violate Section 120 (a) by employing a minor for a half-hour period and then to violate Section 120 (b) by permitting him to loaf or loiter about the licensee's place of business during a rest period. Therefore, we do not agree with the appellants' contention that the findings of guilty on each count were so inconsistent with each other as to render the verdict a nullity.

It follows from the views above expressed that the conviction on the first count is affirmed and that on the second is reversed. The sentence imposed was $500. It might have been $1,000 on either count. After remand the Circuit Court may, if it sees fit to do so, though it is plainly not bound to do so, reduce the fine, as authorized by Rule 744 (c) of the Maryland Rules.

> *Judgment and sentence affirmed as to the first count and reversed as to the second count; the costs of this appeal to be paid one-half by the appellants and one-half by the Board of County Commissioners of Allegany County.*