**Baldasario PALMENTERE, d/b/a Bagdad on Broadway, Appellant,**

v.

**William WRIGHT, Supervisor of Liquor Control, State of Missouri, Respondent.**

**No. 56100.**

Supreme Court of Missouri, Division No. 1.

Sept. 11, 1972.

Motion for Rehearing or to Transfer to Court En Banc Denied Oct. 9, 1972.

Donald E. Raymond, Morris Dubiner, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

BARDGETT, Judge.

Appeal from judgment of circuit court affirming order of Supervisor of Liquor Control, suspending for 30 days the license of Baldasario Palmentere, doing business as Bagdad on Broadway, for the sale of liquor by the drink.

The Supervisor of Liquor Control issued a citation charging Palmentere with violation of Regulation 15(j) of the Department of Liquor Control. The regulation provides:

"No licensee shall employ or allow the loitering upon or about the licensed premises of any police character, felon, gangster, racketeer, pickpocket, swindler, confidence man, female impersonator, prostitute, narcotic addict, vagrant, delinquent minor or other degenerate or dissolute person."

At the hearing before the Supervisor, two members of the Kansas City Police Department testified to surveillance of Palmentere's place of business, located at 3712 Broadway in Kansas City. The surveillance took place between September 1967 and January 1968. According to one of the officers, it was undertaken to "observe known police characters that might be frequenting that location." During the period of the surveillance, the officers observed in particular seven persons whom they named enter, on various occasions, Palmentere's place of business. These persons had records of arrests in the files of the Kansas City Police Department. The conclusion here reached makes it unnecessary to determine whether they might properly have been found to be "police characters" within the meaning of the regulation.

Decisive of the question here presented is the absence of any evidence whatsoever of the activity of the seven persons upon the licensed premises. The police officers conducted their surveillance from the exterior of the place and were able to testify only as to the time which elapsed between

an individual entering the bar and leaving. In some instances, the person left almost immediately after he entered. In others, the stay was for more than an hour. The licensee was observed conversing with two of the persons outside the bar on various occasions.

On the record of such testimony, the licensee vigorously attacks the finding of the Supervisor as lacking in substantial competent evidence of loitering on the licensed premises. Sec. 311.700(2), RSMo 1969, V.A.M.S. In the case of State ex rel. Favazza v. Ketchum, Mo., 367 S.W.2d 542, the court had before it a charge of violation of the same regulation as here involved. In that case the court stated, 367 S.W.2d, loc. cit. 548 [8]:

". . . The word 'loiter' is defined by Black's Law Dictionary, 3rd Edition, p. 1130, as meaning 'to stand around or move slowly about; to spend time idly; to saunter; to delay; to linger; to lag behind.' and see 54 C.J.S., Loiter, p. 793, where a substantially similar definition appears. The word 'loitering' is defined as 'a term having a well-recognized meaning in ordinary use, the collective acts constituting which are familiar to all persons.' 54 C.J. S. Loitering p. 794."

The evidence in that case detailed the activity of the alleged "felon" upon the licensed premises and was sufficient to support the Supervisor's finding of violation of the regulation.

In this case, the Attorney General seeks to sustain the Supervisor's order on the ground that the evidence circumstantially supports the finding and alternatively on the ground that the evidence gave rise to a presumption of loitering. Both of these propositions fail. As pointed out in Molinari v. State, 217 Md. 282, 142 A.2d 583, 586 [3, 4], "loitering" involves both time and purpose. Here the evidence showed only the time spent upon the licensed premises. The purpose of the visits was never shown. The persons involved had a right to enter the premises as customers and as customers they would not have been "loitering". Tinkle v. Sweeney, 97 Tex. 190, 77 S.W. 609. In view of the proper purpose which their presence might have involved, mere presence may not be relied upon as circumstantial evidence of an improper purpose nor does it give rise to any presumption of improper activity. 29 Am.Jur.2d, Evidence § 168, pp. 208–209; Old Fortress, Inc. v. Myers, Mo.App., 453 S.W.2d 692, 695.

The order of the Supervisor of Liquor Control is not supported by competent substantial evidence. Sec. 311.700(2), RSMo 1969, V.A.M.S. There is no reason to consider appellant's attack upon the constitutionality of the regulation. The judgment of the circuit court is reversed and the cause remanded to that court with directions to enter judgment setting aside the order of suspension issued by the Supervisor of Liquor Control.

All of the Judges concur.