Dear Honorable Milton,
The Attorney General has received your request for an official opinion asking, in effect:
 1. Do the provisions of Section 88 of Enrolled House Bill No. 118 prohibit entertainers under the age of twenty-one (21) from performing in the bar areas of establishments which sell or serve alcoholic beverages by the individual drink?
 2. Do the provisions of Section 3 of Enrolled House Bill No. 1405 prohibit entertainers under the age of majority from performing in the bar areas of establishments where 3.2 beer is sold or consumed?
 3. If the answer to the first two questions is affirmative, do these provisions conflict with the Federal Child Labor Act?
The section quoted in your first question will be codified and hereinafter will be referenced as 37 O.S. 598 (1985). 37 O.S. 598
reads as follows:
 "If the premises of a licensee of the Alcoholic Beverage Laws Enforcement Commission contains a separate or enclosed lounge or bar area, which has as its main purpose the sale or distribution, for consideration, of alcoholic beverages for on-premises consumption, notwithstanding that as an incidental service, meals or short order foods are made available therein, no person under twenty-one (21) years of age shall be admitted to such area. The provisions of this section shall not prohibit persons under twenty-one (21) years of age from being admitted to an area which has as its main purpose some objective other than the sale or mixing or serving of said beverages, in which sales or serving of said beverages are incidental to the main purpose, as long as the persons under twenty-one (21) years of age are not sold or served alcoholic beverages; however, the incidental service of food in the bar area shall not exempt a licensee from the provisions of this section. The ABLE Commission shall have the authority to designate the portions of the premises of a licensee where persons shall not be admitted pursuant to this section."
Section 598 prohibits persons under 21 years of age from admittance to an area having as its main purpose the sale of alcoholic beverages for on-premises consumption. The section also provides that if the premises has as its main function some objective other than the sale of alcoholic beverages, that is, where the sale of alcoholic beverages is an incidental service, the person may be admitted but is excluded from the area designated as a bar or lounge.
Although 37 O.S. 598 does not expressly prohibit the employment of persons under the age of 21 in designated bar areas, the Legislature must have intended the prohibition because the statute clearly prohibits their admittance and created no exceptions. Thus, the employment of an entertainer under the age of 21 in an area designated as a bar is prohibited by 37 O.S. 598 (1985).
 II.
Your second question asks whether Section 3 of Enrolled House Bill No. 1405 prohibits entertainers under the age of majority from performing in bar areas where 3.2 beer is sold or consumed.
It should be noted for clarification that 3.2 beer is defined by 37O.S. 163.2(a) (1981) as a nonintoxicating beverage. The section states as follows:
 " `Nonintoxicating beverages' means and includes beverages containing more than one-half of one percent (1/2 of 1%) alcohol by volume, and not more than three and two-tenths percent (3.2%) alcohol by weight."
Enrolled House Bill 1405, Section 3, referenced in your second question, amends 37 O.S. 243 (1984) and states:
 "A. It shall be unlawful for any person under eighteen (18) years of age to be employed or permitted to work, in any capacity whatsoever, in a place where beverages containing more than one-half of one percent (1/2 of 1%) of alcohol measured by volume and not more than three and two-tenths percent (3.2%) of alcohol measured by weight are sold or dispensed for consumption on the premises.
 "B. It shall be unlawful for any person under the age of majority to be employed or permitted to work, in any capacity whatsoever, in the separate or enclosed bar area of a place where the main purpose of the area is the sale or consumption of beverages containing more than one-half of one percent (1/2 of 1%) of alcohol measured by volume and not more than three and two-tenths percent (3.2%) of alcohol measured by weight. The provisions of this subsection shall not apply to any area which has as its main purpose some objective other than the sale or serving of nonintoxicating beverages, in which sales or serving of said beverages are incidental to the main purpose; however, the incidental service of food in the bar area shall not exempt a holder of a license to sell nonintoxicating beverages for consumption on the premises from the provisions of this subsection."
Section (A) prohibits the employment in any capacity whatsoever of persons under eighteen years of age in a place where 3.2 beer is sold for consumption on the premises. Furthermore, section (B) prohibits the employment of any person under the age of majority (eighteen years) in the separate bar area where the main purpose is the sale of nonintoxicating beverages. The prohibition does not apply to those areas where the sales of nonintoxicating beverages are an incidental service.
By clear and unambiguous language, the Legislature has stated in 37O.S. 243 that a person under the age of 18 may not be employed in places where 3.2 beer is sold. Where statutory language is exact and clearly defined there is no occasion for construction and it must be accorded its plain and ordinary meaning. Brooks v. Brinegar, 391 F. Supp. 710 (W.D. Okla. 1974). The employment of entertainers under the age of 18 falls within the ordinary and natural meaning of the words of the statute "employed or permitted to work in any capacity whatsoever." Molinari v.State, 142 A.2d 583, 585 (Md. 1958).
Thus, the employment of an entertainer under the age of 18, in an area where the main purpose of the area is the sale of nonintoxicating beverages (3.2 beer), is prohibited by 37 O.S. 243 (1985).
 III
Your third question refers to the Federal Child Labor Act. An examination of that Act reveals that it has no application to the question of whether under the Oklahoma Alcohol Beverage Act entertainers who are minors can be employed in places designated as bars.
It is, therefore, the official opinion of the Attorney Generalthat:
 1. Title 37 O.S. 598 (1985), prohibits the employment of an entertainer under the age of twenty-one (21) in a separate or enclosed lounge or bar area, which has as its main purpose the sale or distribution, for consideration, of alcoholic beverages for on-premises consumption.
 2. The employment of an entertainer under the age of majority in an area where the main purpose of the area is the sale of nonintoxicating beverages (3.2 beer) is prohibited by 37 O.S. 243 (1985).
 3. The Federal Child Labor Act has no application to the question of whether under the Oklahoma Alcohol Beverage Act entertainers under the age of majority may be employed in places designated as bars.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
BETTY E. HUNTER, ASSISTANT ATTORNEY GENERAL