## WALKER *v.* STATE

[No. 8, September Term, 1959.]

*Decided September 24, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Fred E. Weisgal,* for appellant.

*Clayton A. Dietrich, Assistant Attorney General,* with whom
were *C. Ferdinand Sybert, Attorney General, J. Harold Grady,
State's Attorney for Baltimore City,* and *James F. Price, As-
sistant State's Attorney for Baltimore City,* on the brief, for
appellee.

PER CURIAM.

The court sitting without a jury found the defendant guilty
of assault. The defendant's contention, on this appeal, that
the evidence was insufficient to convict—because the testi-
mony of the prosecutrix, who named him as the assaulter,
had not been corroborated—is without merit. No authority
in support of this contention was cited and we know of none.
On the facts of this case, indeed, we think that we do not
even reach the point.

The record shows that the assault took place in the apartment of mutual acquaintances after other participants in a drinking spree had gone to bed. The prosecuting witness claimed that she had been beaten intermittently by the defendant during a period of five and one-half hours, but defense witnesses testified that they had not heard anything out of the ordinary. When examined as to her criminal record, the prosecutrix denied that she had ever been convicted of or connected with a criminal charge, yet when confronted with an array of specific convictions she frankly admitted many of them. There were also contradictions of other statements of the prosecutrix by other witnesses.

The trial court was aware of the contradictions in the testimony and of the prosecuting witness' untruthful denials of her record of convictions. There was ample evidence of the fact that she was severely beaten and bled as a result thereof, of the presence of the defendant and his opportunity to commit the assault, of the heavy drinking by both the defendant and the prosecutrix and of his having blood on his clothing. As we have stated several times recently, our function in a case such as this is merely to determine whether in law the evidence is sufficient to sustain the conviction. See *Holtman v. State,* 219 Md. 512, 150 A. 2d 223 (1959); *Haskin v. State,* 213 Md. 127, 131 A. 2d 282 (1957).

*Judgment affirmed.*